TRINITARIAN CONGREGATIONAL CHURCH AND SOCIETY OF CASTINE, Appellant.

Hancock.    Opinion March 4, 1898.

*Wills.    Witness.    Attestation.    Stat. 1821, c. 38, §§ 2, 8, 10, 11; R. S., 1841, c. 92, § 2; R. S., 1857, c. 74, § 1; Stat. 1859, c. 120, § 1; R. S., 1883, c. 74, § 2.*

A witness to a will who is "beneficially interested" under it is rendered incompetent as a witness to the will by the statutes of this state.

In all of its various provisions by statute, it appears to have been the dominant purpose of the legislature, that the witnesses before whom the testator publishes his will, and who by law are made competent witnesses to give their opinion of the mental condition of the testator at the time, though not

experts, should be free from any bias or temptation arising from pecuniary interest in the establishment of the will.

The competency of the witness is to be settled by his situation at the time of attestation, with respect to the subject matter and the contents of the will.

If a will provides a pecuniary benefit to the attesting witness, though dependent upon the happening of an event which may happen, he has a beneficial interest under it, in contemplation of law; and if the subsequent event upon which the interest depends does not happen, that fact does not relate back and restore competency.

The will of Mehitable S. Rogers contained the following bequest, "I give and bequeath the following to Anstres R. Folsom, of Roxbury, Mass. $100 and my personal property. If Anstres R. Folsom decease previous to myself, Mehitable S. Rogers, I give and bequeath the same, viz: $100 and my personal property to Agnes T. Hooper and Martha N. Hooper." Agnes T. Hooper was a witness to the will. *Held;* that she was beneficially interested under it and by statute is an incompetent witness.

AGREED STATEMENT.

This was an appeal from a decree of the judge of probate for Hancock County, disallowing and refusing to admit to probate an instrument purporting to be the last will and testament of Mehitable S. Rogers late of Castine, deceased. The case was submitted to the decision of the full court upon the following agreed statement of facts:

First. That the following is the olograph of Mehitable S. Rogers, to wit:

In the name of God—Amen.

I, Mehitable S. Rogers of Castine, Hancock County, Maine, impressed with the uncertainty of life and desirous of making a just disposition of my property, do make and publish, this my last will and testament.

After paying my debts, I may leave, and burial expenses, I appropriate $150 for fixing the lot in the cemetery and getting a monument for my father's family; I give and bequeath the following to Anstres R. Folsom of Roxbury, Mass. $100 and my personal property, and to the Trinitarian Congregational Church and Society the remaining balance of my estate.

To be given the above mentioned $100 to Anstres R. Folsom, of Roxbury, Mass. and to the Trinitarian Congregational Society and

Church in one year from my decease.  If Anstres R. Folsom of Roxbury, Mass. decease previous to myself, Mehitable S. Rogers, I give and bequeath the same, viz. $100 and my personal property to Agnes T. Hooper and Martha N. Hooper.

I appoint Charles H. Hooper as executor of this, my last will and testament.

Signed, sealed and delivered by the said Mehitable S. Rogers as her last will and testament in our presence, who in attestation thereof in her presence and in presence of each other hereto subscribe our names this day.

Oct. 5th, 1893.                     Mehitable S. Rogers    (Seal)

               Agnes T. Hooper      (Seal)
               Ella J. Adams        (Seal)
               Lucy B. Parker       (Seal)

Second.  That the Agnes T. Hooper mentioned in the body of said olograph is the same person who appears as a witness thereto.

Third.  If, upon these agreed facts, the law court finds that said Agnes T. Hooper was not a legal and proper witness to said will, the appeal is to be dismissed and the decree of the probate court affirmed.

If, however, the law court should find that said Agnes T. Hooper was a legal and proper witness to said will then the case is to be sent back to nisi prius for hearing upon the appeal, both sides to have all rights which they would have had, if the case had not been thus sent to law court on this agreed statement.

Fourth.  That Anstres R. Folsom is the only heir at law of said Mehitable S. Rogers.

*G. M. Warren,* for appellant.

The interest which will disqualify a person from being a witness to a will must be a present, certain, legal and vested interest, not uncertain or contingent.   4 Stark. Ev. 745 ; *Warren* v. *Baxter,* 48 Maine, 193 ; *Clark* v. *Voice,* 19 Wendall, 232 ; *Jones* v. *Larrabee,* 47 Maine, 474 ; *Sparhawk* v. *Sparhawk,* 10 Allen, 155 ; *Jones* v. *Tebbetts,* 57 Maine, 572 ; *Hawes* v. *Humphrey,* 9 Pick. 356.

In *Jones* v. *Tebbetts,* quoted above, APPLETON, C. J., says:—

" The words ' not beneficially interested under the provisions of the will ' were inserted in lieu of the word ' disinterested.' " This change, he says, was made " to remove doubts." ." It was to enlarge rather than to restrict the rules of ' evidence,' and it is almost a matter of common knowledge that the whole tendency of courts and legislators is to broaden and enlarge the rules of evidence, so that at this age most any one can testify in our courts, but his character, conduct, age, appearance, and relation to the parties are all to be weighed and measured by court and jury."

To be beneficially interested under a will is to be a gainer by and under its provisions. *Smalley* v. *Smalley*, 70 Maine, 549.

Agnes T. Hooper on the day this will was attested would neither gain nor lose by its provisions, all the property of said testator having been disposed of entirely outside of the witness, and therefore the witness had no interest in proving or disproving the will; in other words, she was disinterested and, therefore, qualified and there never has been a day since said will was attested that Agnes T. Hooper has had any interest in proving or disproving said will. In *Sparhawk* v. *Sparhawk*, 10 Allen, 159, the court says:— " It is the fact of a present, existing interest which disqualifies."

*H. E. Hamlin*, for Anstres R. Folsom.

All the cases cited by the appellant are where the witness sought to be disqualified was an heir at law, receiving under the will less than he would have taken by inheritance, or a resident in a municipality or member of some corporation or society receiving a legacy under the will. In none of them was the witness who was held competent expressly named in the will as a legatee. On the one hand, the disinherited heir at law is held competent, because the will is adverse to his interest; on the other, the member of the society, or the resident in a town, is held competent, because not expressly named as a legatee; but simply having the possibility of benefit as such member or resident.

It must be admitted that Agnes T. Hooper is directly and expressly named in the will as a legatee. She is also a witness to the will. Not as an heir at law disinherited, under the will; nor as a resident in a town receiving a bequest under the will; but she

is a witness and also a direct legatee. The legacy to her is such as makes her "beneficially interested under the will." If the will stands, she might have received a benefit under its terms; not by inheritance from some other party named in the will as a legatee, nor indirectly as a tax-payer or resident in a town named as a legatee, but directly under and by force of the will. If the will had not been made, she would have taken no benefit from the estate.

SITTING: EMERY, FOSTER, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J. The question is whether Agnes T. Hooper was a competent attesting witness to the will of Mehitable S. Rogers, there being only two other witnesses. The will contained a legacy of one hundred dollars "and my personal property" to Anstres R. Folsom. It then provided that "if Anstres R. Folsom . . . . decease previous to myself, Mehitable S. Rogers, I give and bequeath the same, viz. $100 and my personal property to Agnes T. Hooper and Martha N. Hooper."

The statute of 1821, c. 38, § 2, required a will "to be attested and subscribed in the presence of the testator by three credible witnesses." Section 8 of the same chapter provided that any devise or legacy to an attesting witness should be utterly void, and such person should be admitted as an attesting witness. This section was followed by sections 10 and 11, apparently unnecessary and inconsistent with section 8. By those sections it was provided that an attesting witness who was a legatee, should be regarded as competent, if he released or refused the legacy upon tender thereof, or had been paid its amount before he was called to testify, or died in the lifetime of the testator or before he had received or released the legacy.

In the revision of 1841, c. 92, all these provisions were substantially retained, and a further provision added that "a mere charge on the lands of the devisor for the payment of his debts, shall not prevent any of his creditors whose debt is so charged, from being a competent witness." Under these statutes, a legatee might be an

attesting witness, as by becoming such his legacy became void. Section 2 of the same chapter in the statute of 1841 provided that wills should be attested by "three credible witnesses, or the same shall be void. And if the witnesses are competent at the time of attestation, their subsequent incompetency shall, in no case, prevent the probate of the will, if it be otherwise satisfactorily proved."

In 1856, the common law rule that excluded as incompetent as witnesses in civil suits all persons pecuniarily interested in its result, was, with certain exceptions · not material here, abrogated; but the act provided that it should not apply to the attestation of wills. To them, the common law rule remained applicable. Stat. 1856, c. 266.

In the revision of 1857, c. 74, § 1, the witnesses were required to be "disinterested and credible." The provision in the statute of 1841 making void a legacy to an attesting witness, was omitted, as also the provisions as to releasing or refusing a legacy. Under this statute, it was strenuously argued in *Jones* v. *Larrabee*, 47 Maine, 476, that the word "disinterested," excluded as attesting witnesses all persons within the sixth degree of relationship. Although the court held otherwise, the legislature in 1859, c. 120, § 1, for the apparent purpose of removing a doubt, struck out the word "disinterested," and left the requirement "three credible attesting witnesses, not beneficially interested under the provisions of the will."

The statute has not been materially changed since. In the revision of 1883, mere redundancy was avoided, and the enactment now stands "three credible attesting witnesses, not beneficially interested under said will." R. S., c. 74.

In all these various provisions of statute, it appears to have been the dominant purpose of the legislature, that the witnesses before whom the testator publishes his will, and who by law are made competent witnesses to give their opinion of the mental condition of the testator at the time, though not experts, should be free from any bias or temptation arising from pecuniary interest. in the establishment of the will. Usually a will is not produced, or its contents known, until after the death of the testator; and public

policy, as well as the protection of interested parties, requires that the testimony to establish the will, should come from the mouths of witnesses to it, who can fairly, disinterestedly, and impartially state the facts as to its execution, and give an honest and unbiased opinion as to the soundness of mind of the testator.

The term, credible witness, is not defined by the statute, but must be construed by the common law rule. By that rule, credible, as applied to a witness, is equivalent to competent. *Warren* v. *Baxter*, 48 Maine, 194. By the common law, any person having a pecuniary interest in the result of the cause, was incompetent as a witness.

By the law now existing and applicable to this case, the witnesses must be competent at the time of the execution of the will. Subsequent incompetency is immaterial, if competent at the time. R. S., c. 74, § 2.

Was Agnes T. Hooper, at the time she attested the will, " beneficially interested " under it? She is named as a legatee, in a certain contingency. If Anstres R. Folsom, the legatee, should decease before the testatrix, Agnes was to take, otherwise not. While she did not take an absolute, certain interest under the will, it would become absolute and certain in an event which might happen. She was not an heir at law of the testatrix. If she had been, and would receive less under the will, if the contingency had happened, than she would receive as heir, she would be competent, as held in *Smalley* v. *Smalley*, 70 Maine, 548, it being against her interest to have the will sustained. So the executor named in the will has been held to be a competent attesting witness, as he takes no beneficial interest under it. *Jones* v. *Larrabee*, 47 Maine, 479. So an inhabitant and tax payer in a town, to which a legacy is given in trust, for purchase of books for a town library, or for charitable purposes, or for the support of schools, has been held competent. *Hitchcock* v. *Shaw*, 160 Mass. 140; *Marston, Petitioner*, 79 Maine, 50; *Piper* v. *Moulton*, 72 Maine, 156. So the prospective heirs at law of a legatee, are competent. They take nothing under the will. *Jones* v. *Tebbetts*, 57 Maine, 572.

" The competency of the witness is to be settled by his situa-

tion at the time of attestation, with respect to the subject matter and the contents of the will." *Sparhawk* v. *Sparhawk*, 10 Allen, 159.

If the legacy had been absolute to Agnes T. Hooper, she clearly would have been an incompetent witness to the will. And, in such case, if she had died before the testatrix, and the legacy had thus lapsed, her attestation would still be invalid. So a limitation over to the witness after failure of issue of the first taker, would be a disqualifying interest.

The true test is, whether the will itself conferred directly or conditionally, a beneficial interest upon the witness. By this will, Agnes T. Hooper was to receive a pecuniary benefit upon the happening of an event, which might happen, and had the interest and hope, at the time of attestation, which such provision held out, to sustain the will. It is argued that the interest to disqualify, must be a certain and vested interest. Suppose an estate were given for life to the father of several children, remainder to his children surviving at his death? The children living at date of the will would not have a certain or vested interest. One or more of them might die before the father, and never acquire any interest in the estate. But it would hardly be claimed that the children were competent witnesses to the will,—that they had no beneficial interest under it, within the meaning of the statute, and no interest to uphold the will.

If the will provides a pecuniary benefit to the attesting witness, though dependent upon the happening of an event which may happen, he has a beneficial interest under it, in contemplation of law; and if the subsequent event upon which the interest depends does not happen, that fact does not relate back and restore competency.

It is important that the safeguards which the law has thrown around the execution of wills, should not be withdrawn or weakened; and to that end, a will which provides a pecuniary benefit, absolute or contingent, to a legatee, should not be witnessed by such legatee. He is interested, and therefore not credible or competent.

Some of the decisions appear to have gone to the verge of the

law in the matter of attestation, in the effort to sustain wills. But we have found no case, nor been cited to any, in which a legatee upon a contingency such as this, has been held a competent attesting witness. We regard it unwise, and inconsistent with sound public policy and the rights of interested parties, to further extend the exceptions to the common law rule.

The result is, that Agnes T. Hooper was not a legally competent attesting witness, and the will must be disallowed.

<div align="right">

*Appeal dismissed.*

*Decree of the Probate Court affirmed.*