JOSIAH C. TOWLE *vs.* ALICE H. DOE, and others.

Penobscot.    Opinion April 9, 1903.

*Wills.   Perpetuities.   Gift.   Remainder.   Trust.   Children.   Cy Pres Doctrine.
Time of Vesting.   Fund not Separable.*

Where by will a gift is made of a remainder in fee and in the same will there follows language showing a clear intent to charge such remainder with a trust invalid under the rule against perpetuities, the donee takes such remainder in fee.

A trust attempted to be created by will for the use of a man and his children is invalid as contravening the rule against perpetuities, unless it appears from the context that only those children actually in esse at death of the testator are intended to share in the benefit.

The mere fact that events as they finally transpire restrict a trust in such manner that, had the will in apt terms in fact so limited the trust, it would have been valid does not alter the rule that the tests of validity must be applied to the language actually used by the testator in the will itself.

That construction of a will should be adopted which does not contravene the rule against perpetuities, whenever by so doing the intention of the testator will not be wholly disappointed.                                        •

A trust fund created by a clause in a will providing for the payment of " the interest, deducting expenses, to W. M. T. and his children so long as they live," is not separable and might vest too remotely to be valid.

In such a clause the word "children" is not to be construed as meaning alone those in esse at the death of the testator, unless such meaning is evident from the context.

On report.    Decree according to opinion of court.

Bill in equity to obtain the construction of the residuary clause of the last will and testament of Josiah Towle, late of Bangor, deceased.

The will showed evidence of being holographic and the complete residuary clause was as follows:—

"To my wife Lucinda L. Towle I give & bequeath all the remainder of my property of every description both real personal & mixed to have & to hold occupy & enjoy & receive all the income rents & interest during her life time & at her decease I give & bequeath all the aforesaid property which I have devised to her during her life

time & which shall remain at her decease, to my four children viz: Wm. M. Towle & his heirs one-fourth part to be invested by my executor in U. S. bonds or State bonds & the interest deducting expenses paid over to said Wm. M. Towle and his children so long as they live & then the principal divided to his or their heirs.

"Mary L. Taylor and her heirs one-fourth part said fourth part to be invested by my executor in U. S. or State bonds & the interest deducting expenses paid over to said Mary so long as she shall live & after her decease the principal divided to her heirs & invested in bonds as aforesaid for them by my executor & the accruing interest deducting expenses shall be so invested & added to the principal & as fast as they shall attain the age of twenty-five years provided they shall be of sound mind and steady habits & shall have accumulated not less than three hundred dollars of property if a male or fifty dollars if a female by their own industry then their several portions shall be paid over to them & such of them as shall not be of sound mind & good habits & have accumulated as aforesaid shall receive only the interest (deducting expenses) of their said share yearly during their life time & at their decease the principal shall be paid to their heirs.

"To my son John A. Towle & his heirs one-fourth part to be paid over to him by my executor.

"To my son Josiah C. Towle & his heirs one-fourth part to be paid over to him by my executor.

"Provided however if my estate shall not prove sufficient (after deducting the four thousand dollars herein before set aside) to leave a sufficient sum for my wife Lucinda L. Towle so that she shall receive therefrom a net income of Ten hundred dollars per annum after deducting taxes & expenses & house rent then sufficient of the interest of the aforesaid four thousand dollars shall be paid over to her yearly—instead of being paid over or reserved for said needy ones as afore herein stipulated to make up her income to the sum of $1000 per annum & if the whole of the interest of the said four thousand is not sufficient to make up the yearly net income to ten hundred dollars then a portion of the principal of said four thousand dollars may be taken each year until the whole is used up if needed to make up said sum of $1000 net yearly income instead of being

reserved as before devised to my children aforesaid & whatever may remain of it shall be divided to them as above devised.

"And for the furtherance of the aforesaid object and for the safety & protection of the property & to establish a legal mode for the sale & transfer of all my property I hereby devise & bequeath to my trustee hereinafter named all my estate real personal & mixed to have & to hold the same upon the terms trust & conditions hereinafter specified herein fully authorizing and empowering said Trustee to sell & dispose of any & all said estate real personal & mixed except that my dwelling house on State Street & my store if (I shall own any at my decease) shall not be sold until after the decease of my wife but all the other property may be sold & conveyed by my said Trustee when & in such manner as to said Trustee may seem most advantageous hereby directing my said Trustee to invest the whole proceeds of sales in U. S. or State bonds & to keep the same so invested & pay over the income & interest deducting taxes & expenses to meet the aforesaid devises as herein before specified."

The only child of William M. Towle at the testator's death, at the termination of the intervening life, and also at his death, was Alice H. Doe.

There was also a codicil which, however, had no bearing on the case.

*F. H. Appleton and H. R. Chaplin,* for plaintiff.

*J. R. Mason,* for defendants.

*C. H. Bartlett,* guardian ad litem, for minor defendants.

*Matthew Laughlin,* administrator of the estate of William M. Towle, pro se.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This cause comes before the law court on report. It is an equity suit brought for the purpose of obtaining a legal construction of certain provisions of the will of Josiah Towle, late of Bangor, Maine, deceased.

The case shows that the testator made and executed his will on

the seventeenth day of August, A. D. 1866, and a codicil thereto on the ninth day of March, A. D. 1876. The provisions of the codicil are immaterial in the case. The portions of the will which the parties desire construed being part of the residuary clause, are as follows:

"To my wife, Lucinda L. Towle, I give and bequeath all the remainder of my property of every description, both real, personal and mixed, to have and to hold, occupy and enjoy and receive all income, rents and profits and interest during her life and at her decease I give and bequeath all the aforesaid property devised to her during her lifetime and which shall remain at her decease to my four children, viz: William M. Towle and his heirs one-fourth part to be invested by my executor in U. S. bonds or State bonds and the interest deducting expense paid over to said William M. Towle and his children so long as they live and then the principal divided to his or their heirs."

The remaining parts of the residuary clause relate to the bequests to the other three children of the testator and do not affect the question submitted except as indicating the intention of the testator.

The testator died January 26, 1883, and his widow, Lucinda L. Towle, died April 8, 1886. His son William M. Towle died January 23, 1896, leaving a widow, now living; and his granddaughter, Alice H. Doe, the surviving child of William M. Towle, has died since the filing of the bill in equity, leaving a husband and children who are now living.

The validity of the will and codicil is not questioned, and their terms clearly indicate that the testator thereby intended to dispose of his entire estate. The will is not artificially drawn, as is evident both from the words used and the structure of its testamentary provisions.

In the portion of the will quoted, the words used in the first section of the clause imply an absolute bequest to his son, William M. Towle, but they are followed by words showing that the testator intended that the legal estate in this fourth part of the residuum should vest in a trustee, to be disposed of in accordance with the terms of the trust.

In determining the general intent of the testator, the words defin-

ing the bequest to William M. Towle and his heirs cannot be dissociated from those which immediately follow; and the language of the whole clause shows that the bequest was not intended by the testator to be a remainder in fee to William M. Towle but an executory bequest to be held by the executor in trust for the lives of William M. Towle and his children and at the decease of the survivor of them to vest in their heirs. The doubt which has arisen as to the legal effect of this bequest is whether it is in conflict with the rule against perpetuities.

The common law rule is recognized by the courts of this State, as formulated in *Cadell* v. *Palmer*, 7 Bli. 202, quoted in 2d Woerner on American Law of Adm., § 427:

"The utmost period in which an executory bequest can take effect is a life or lives in being and twenty-one years thereafter, together with the period of gestation already existing."

The same rule applies to trusts as is applied to legal estates. 1 Perry on Trusts, § 382.

The actual events now show that the will in effect limited the trust to William M. Towle and his daughter Alice H. Doe, as beneficiaries for life, and had it done so in terms the bequest would not have been void for remoteness because this daughter was his only child at the death of the testator, at the termination of the intervening life and at his own death. But the test of the validity of the gift must be applied to the language of the will itself. And the possibility that the executory limitation might be void for remoteness is clear from the fact that a child or children of the testator's son William M. Towle, might be born after the death of the testator, the continuance of whose lives might postpone the vesting of the estate beyond the time limited by law. 1 Jar. on Wills, 266; 2 Woerner Am. Law Adm., § 427; *Webber* v. *Jones*, 94 Maine, 429; Gray on Per. § 214.

From the facts in the case and the language of the will several theories arise as to the construction of the portion quoted in the third clause of the bill. 1. That the entire bequest is void because the fatal defect of violating an inflexible rule of law applies to the whole.

This construction would do great violence to the manifest intention of the testator to give his four children and their immediate

families the benefit of equal shares in his estate at the death of his wife.

The general terms of the provision are: "At her decease I give and bequeath all the aforesaid property which I have devised to her during her lifetime and which shall remain at her decease to my four children".

He then in specific terms defines the several bequests of one-fourth to each. To two of his sons he gives the shares in apt words to them and their heirs. To the daughter and her heirs he gives one-fourth part, and in words immediately following modifies the bequest by directing its investment by his executor and creating a trust not free from complications similar to those in the provision under consideration.

If a construction may be given to the will which does not contravene the rule and does not wholly disappoint the intention of the testator, it should be adopted. 3 Jar. on Wills, 5th Am. ed. 709.

2. Another theory of construction is that the bequest in trust is limited to beneficiaries in esse at the date of the death of the testator, namely, William M. Towle and his child, Alice H. Doe, and vested at the death of the survivor, Alice H. Doe, in her heirs.

This construction is claimed on the ground that the word "children" used by the testator in his will may mean children living at the time of his decease, but we think that this can only apply to cases where this meaning is evident from the context. It cannot be forced against the plain language of the will so as to apply only to those of the same class who might legally take the equitable estate. Gray on Per. ch. X; *Barnum* v. *Barnum*, 26 Md. 119, 90 Am. Dec. 88; *Leake* v. *Robinson*, 2 Mer. 363, 388; *Dorr* v. *Lovering*, 147 Mass. 530.

3. Another construction sought is that the bequest was in trust during the life of William M. Towle and that only the limitation over to his children for life and to his or their heirs in fee was void for remoteness. This construction can only rest upon the assumption that the beneficiaries mentioned in the trust would take the interest in succession. But the legal estate is not given to them for life but to a trustee. The trust is an entirety for the benefit of a

parent and his children and is prima facie concurrent. It would seem that the equitable interest belonged to William M. Towle and his children as a class and consequently to the survivor. This is also indicated by the words " his or their heirs." Schouler on Wills, §§ 530, 557; Gray on Per. §§ 322, 323.

The equitable remainder could not vest until the death of these beneficiaries. *Spear* v. *Fogg*, 87 Maine, 132; *Hunt* v. *Hall*, 37 Maine, 363.

4. We think that the legal construction of the bequest in question depends upon whether it is a remainder to William M. Towle in fee, or whether the words in the first part of the provision, which imply this, are so inseparably connected with the modifying clause attempting to create a trust as to render the whole provision void for remoteness.

The creation of a trust which cannot vest the object of the trust within the time limited by law will be nugatory. 1 Perry on Trusts, 383; *Blagrave* v. *Hancock*, 16 Sim. 371; *Dodd* v. *Wake*, 8 Sim. 615; *Sears* v. *Russell*, 8 Gray, 86; *Brattle Square Church* v. *Grant*, 3 Gray, 142, 63 Am. Dec. 725; *Pulitzer* v. *Livingston*, 89 Maine, 359; *Brooks* v. *Belfast*, 90 Maine, 318. See *Slade* v. *Patten*, 68 Maine, 380.

The trust fund is not separable and might vest too remotely in the heirs of a child of William M. Towle born after the death of the testator.

If two constructions may be put upon a provision in a will, one of which will violate an inflexible rule of law and the other not, the construction which will not offend the rule is to be adopted by the court. 1 Perry on Trusts, 381; *Martelli* v. *Holloway*, L. R. 5 H. L. 532.

It will be observed that the testator uses the words "and his heirs" technically in reference to other devises in this will, and he is presumed to employ them in their legal sense unless the context clearly indicates the contrary. 3 Jar. on Wills, 707.

It must be held that William M. Towle took a remainder in fee. This is the legitimate effect of the language used in the first section of the provision under consideration, and even the intent of the tes-

tator to restrict it by a trust must yield to the rule against perpetuities.  1 Jar. on Wills, 293, 295, 296 ; Gray on Per., §§ 233, 235, 240 ; *Deford* v. *Deford*, 36 Md. 168; *Sears* v. *Putnam*, 102 Mass. 5. The trust is therefore invalid.

We answer the prayer of the complainant, in behalf of all parties interested, that the proportion of the estate in which William M. Towle was interested, and which came at the death of Lucinda L. Towle into the hands of the complainant as executor, vested absolutely in William M. Towle and belongs to his estate.

The expenses of this suit should be paid out of the property involved in this decision.

*Decree accordingly.*