WELLINGTON G. SINGHI et als., *vs.* FLORENCE E. DEAN.

Knox.    Opinion August 10, 1920.

*Rule against Perpetuities.    Vested estates not subject to its operation.    Creation only
of future estates may offend.    Survivorship.    Death of testator is the time to
which survivorship relates, in determining who shall take, except where
an intermediate estate intervenes, or the contrary intent is
clearly expressed.*

The Rule against Perpetuities only applies to the creation of future estates and in
no way affects estates already vested.

When an immediate estate is given to survivors, or the enjoyment and possession
of it is immediate on the death of the testator, the time to which the survivor-
ship, which determines who shall take, will be construed to relate, is the death
of the testator; and only when an intermediate estate intervenes or the con-
trary intent is clearly expressed is it held that the survivorship relates to the
time of the termination of the intervening estate or the period of distribution.

Applying these rules, such children as survived the testatrix or the heirs of the
bodies of such as did not, except the son Martin, took an equitable fee which
vested immediately on her death.    The interest of the son, Martin, and his
daughter, also vested immediately upon the death of the testatrix.

Whether the legal estate held by the trustee is in the nature of a determinable fee
and at the termination of the trust the then cestuis que trustent are entitled to
receive a conveyance of the legal estate, or the entire estate then reverts to the
heirs of the testatrix; in either case the estate continues vested and no future
estate is created in violation of the Rule against Perpetuities.

On report on an agreed statement of facts.    A bill in equity brought
before the Judge of Probate for the County of Knox under Sec. 2 of
Chap. 67 of the Revised Statutes, seeking the construction of the will
of Susan S. Singhi, and especially and particularly as to whether the
provisions of the second item offends the Rule against Perpetuities.
The Judge of Probate held that said second item in the will, which
created a trust including real estate, did violate the Rule against
Perpetuities, and made a decree sustaining the bill, and ordered the
real estate sold by the trustee, and the proceeds of the sale to be
divided pro rata among the heirs.

From the decree of the Judge of Probate the defendant appealed to the Supreme Court of Probate, and from that court the case was reported to the Law Court upon the pleadings and an agreed statement of facts, for final determination. Appeal sustained; bill to be dismissed with costs including seasonable counsel fees to be paid out of the funds in the hands of the trustee.

Case more fully stated in the opinion.

*Walter H. Butler,* for plaintiff.

*Edward K. Gould,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

WILSON, J. A bill in equity brought before the Judge of Probate for the County of Knox under Sec. 2 of Chap. 67, R. S., praying for the construction of the will of the late Susan S. Singhi, and particularly whether the provisions of the second item violate the Rule against Perpetuities.

The Judge of Probate held that a perpetuity was created by said second item, and ordered the real estate, which by the terms of said second item was placed in trust, sold by the trustee and the proceeds distributed among the heirs of the testatrix.

From the decree of the Judge of Probate the defendant appealed to the Supreme Court of Probate, and from the Supreme Court of Probate the case is reported to this court upon the pleadings and an agreed statement of facts.

By the second item in her will the testatrix, Susan S. Singhi, devised to her son, Wellington G. Singhi and his successors in trust all her real estate, which consists of a brick block in the City of Rockland and the land on which it stands, "to have and to hold as long as said brick block shall stand, in trust for the following purposes: To divide the net income therefrom, after paying the taxes and keeping the same in repair, equally among my children as hereinafter named, and in case of their decease their children or their children's children.

.　　.　　.　　.　　.　　.

In case of the death of any of said children leaving no children or grandchildren or heirs of their body, the share of such child is to

revert to the other children before named or to the heirs of their bodies per stirpes, and to be equally divided between them.

.    .    .    .    .    .    .

The devise herein made to Martin U. Singhi is to him for life only, and subject to his life estate, I devise his share to Annie B. Cogswell, his daughter.

The real estate above devised shall remain undivided while said brick block shall stand."

The only question raised by the bill is whether the second item of the will, the substance of which is stated above, creates a perpetuity in violation of the well known Rule against Perpetuities.

An examination of the authorities discloses that the application of this Rule, though now well understood to apply only to the creation of estates in the future and in no way to affect estates already vested, *Pulitzer* v. *Livingstone*, 89 Maine, 359, has not always been free from doubt and criticism, Gray on Perpetuities, 2nd Ed. Sects. 235-215. Since its purpose if applicable at all, is to defeat the intention of the testator, it may not be surprising that the courts in their desire to carry out the intent of a testator have in some instances failed to apply this Rule in all its rigor or have adopted constructions to avoid its application.

Undoubtedly the correct rule of application is laid down in *Andrews* v. *Lincoln*, 95 Maine, 541, 544, adopting language of perhaps the highest authority on the subject, Gray on Perpetuities, 2nd Ed. Sec. 629: "The Rule against Perpetuities is not a rule of construction, but a peremptory command of law. It is not like a rule of construction, a test more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the Rule did not exist, and then to the provision so construed the Rule is to be remorselessly applied." This, however, does not prevent the application of a familiar rule of construction in construing wills, that where the testator's meaning is ambiguous and is capable of two constructions, it is a fair presumption that the testator intended to create a legal estate and not one that is invalid, Gray on Perpetuities, Section 633.

The first question as to the intent of the testatrix under the second item of her will arises from the uncertainty as to the time to which the

survivorship of her children and their grandchildren or heirs of their bodies relates, and whether there is a continuing condition of survivorship so that the determination of who is to take upon failure of issue is necessarily postponed.

While the language employed does not leave it entirely free from doubt, we think the general rule should apply, that where there is an immediate estate given to the survivors, or the enjoyment and possession of it is immediate, on the death of the testator, the time to which the survivorship, determining who shall take, will relate, is the death of the testator, *Branson* v. *Hill*, 31 Md., 181, 187, 188; *Mullarky* v. *Sullivan*, 136 N. Y., 227, 231; In re Benn, 29 Ch. Div. 839, 844; Reiff Est., 124 Pa., St., 145, 151; 37 Cyc., 631; 40 Cyc. 1511, and only where an intermediate estate, as a life interest, intervenes or the contrary intent is clearly expressed, is it held that the survivorship relates to the time of the termination of the intervening estate or the period of distribution.

Applying this rule and the rule above referred to applicable in case of ambiguities, we think the intent of the testatrix in this case must be construed to be to give an equitable estate in fee to such of her children as survived her, or to the heirs of the bodies of those who did not, the latter to take per stirpes, except in case of the son, Martin, to whom she expressly gave a life interest, his daughter, Annie B. Cogswell taking an equitable fee at his death, all of which immediately vested at the death of the testatrix. *Pulitzer* v. *Livingstone*, 89 Maine, 359, 371-373; Gray on Perpetuities, 2nd Ed. Secs. 116, 235, 236.

While a trustee only takes so much of the legal title as is necessary to carry out the purposes of the trust, 26 R. C. L., 1258, Section 107; *Hersey* v. *Purinton*, 96 Maine, 166, 170; *Holcomb* v. *Palmer*, 106 Maine, 17, 24; *Gould et als.* v. *Lamb, et als.*, 11 Met., 84, 87, when an equitable fee is vested in the cestui que trust, the trustee is usually held to take the legal fee. *Gould, et als.* v. *Lamb, et als.*, supra. The estate held by the trustee in this case may then be of the nature of a determinable fee. In any event at the termination of the trust, the then cestuis que trustent are entitled to receive a conveyance of the legal estate if it does not thereupon immediately vest in them under the Statute of Uses, Perry on Trusts, 5th Ed. Vol. 1, Sec. 351; 26 R. C. L., 1213, Sec. 56, Page 1173, Sec. 8; or the title immediately reverts to the heirs of the testatrix. In either case no future estate is created in violation of the Rule against Perpetuities. Gray

on Perpetuities, 2nd Ed. Sec. 205, 283. We are therefore of the opinion that the second item of the will does not create a perpetuity, which is the only issue raised by the bill and answer, and the appeal must be sustained.

It becomes unnecessary to consider the second reason of appeal, viz: That the allegations of the bill do not warrant that part of the decree ordering a sale and distribution of the trust estate. It is sufficient to say upon this point that we think the principles laid down in *Scudder* v. *Young*, 25 Maine, 153, 155; *Hagar* v. *Whitmore*, 82 Maine, 248, 256-7; *Glover* v. *Jones*, 95 Maine, 307; *Whitehouse Eq. Pr.*, 1st Ed., Sec. 518, clearly apply.

Entry will be,

> *Appeal sustained, costs including reasonable counsel fees to be paid out of the funds in the hands of the trustee.*