GIDEON S. WILBUR ET ALS. *vs.* THE PORTLAND TRUST COMPANY ET AL.

Hinman, Banks, Avery and Brown, Js.*

* By agreement of counsel the case was heard before and decided by four judges.

Argued June 9th—decided July 10th, 1936.

*John A. Markham,* for the appellants (plaintiffs).

*Thomas C. Flood,* with whom were *David A. Carlson* and *James M. Kelly,* for the appellees (defendants).

HINMAN, J.  Paragraph First of the will of Joseph L. B. Covell late of Portland reads as follows: "I give, devise and bequeath to The Portland Trust Company the sum of $18,000.  IN TRUST, however, for the following purposes:—To invest and reinvest and to pay over the income and as much or all of the principal as they may deem necessary, it to be the sole judge, to Warren Lodge F. A. & A. M. of Portland, Connecticut, in recognition of the honor bestowed upon me as Master." Subsequent paragraphs made three other pecuniary bequests, but no attempt was made to dispose of any residuary estate.  The named defendant, the executor nominated by the will, after approval of its final account on August 3d, 1931, paid the other legacies, turned over to itself as trustee the amount ($18,000) specified in the first paragraph, less inheritance tax,

and afterward distributed all of the remaining estate in equal shares to the plaintiffs, who are the sole heirs at law and next of kin of the testator. Each of them gave a receipt "as full and final share in the distribution of the estate" and, the trial court found, accepted the payment in full satisfaction. In September, 1935, however, they brought this action claiming that the bequest to the Lodge be declared void as violating the rule against perpetuities and that the fund be declared intestate estate, and they now appeal from the judgment rendered therein declaring the bequest valid. Error is assigned in the conclusion that the provision attacked does not violate the rule sought to be invoked to invalidate it.

The rule against perpetuities, generally stated, is that "no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest" or (as the case may be) twenty-one years and the period of gestation. Gray, Perpetuities (3d Ed.) § 201; Cleaveland, Hewitt & Clark, Connecticut Probate Law and Practice, p. 631; *Bates* v. *Spooner,* 75 Conn. 501, 507, 45 Atl. 305. Its usual application and effect is to prohibit or invalidate attempts to create by limitation, whether executory or by way of remainder, future interests or estates the vesting of which is postponed beyond the prescribed period. 48 C. J. p. 933; 21 R. C. L. p. 282. A vested estate is not subject to the rule. If a remainder is vested, if it is ready to take effect whenever and however the particular estate is determined, it is immaterial that the latter is determinable by a contingency which may occur beyond the period. Gray, Op. Cit., §§ 205, 208. "The remoteness against which the rule is directed, is remoteness in the commencement, or first taking effect of limitations, and not in the cesser or determination of them. An estate that is to arise

within the prescribed period, may be so limited as to determine on the happening of any event, however remote." Lewis, Perpetuities, p. 173 (52 Law Library, 144); *Flanner* v. *Fellows,* 206 Ill. 136, 68 N. E. 1057.

As applied to trusts, the rule requires that the legal and equitable estates vest in interest, although not necessarily in possession, not later than the end of the period. 1 Bogert, Trusts & Trustees, p. 632. The rule applies only to future interests; the settlor may create a trust in which there are none but present interests in the trustee and cestuis. Thus, if S conveys to T (a living person) in trust to pay the income to C (living) for the life of C, T will take a present legal estate for the life of C, vested in interest and possession, and C will take a present equitable estate for his own life which is vested. Bogert, Op. Cit., p. 637. The rule has no application to present vested interests; it is only when the settlor attempts to create contingent future interests under the trust or to take effect at its termination that the rule against remoteness of vesting applies. Bogert, Op. Cit., pp. 638, 639. Such a gift over is the usual occasion for application of the rule and the event upon which it is to take effect is the ordinary test of its applicability. Although under the terms of a trust the legal title is in the trustee, if the equitable title is vested in the cestui and at the termination of the trust he is entitled to the legal estate, there is no violation of the rule. *Singhi* v. *Dean,* 119 Me. 287, 290, 110 Atl. 865; *McAllister* v. *Elliot,* 83 N. H. 225, 140 Atl. 708. Discretion in a trustee as to the time of payment or distribution of the principal does not prevent vesting if the gift to the distributees is absolute. *Strout* v. *Strout,* 117 Me. 357, 104 Atl. 577.

The testamentary provision here under consideration attempted no gift over, by way of remainder or

otherwise; the obvious intention was to dispose of the trust fund completely, as to both income and principal, to a single beneficiary—the Lodge. If the beneficiary is entitled to enjoyment of the income presently (or within the twenty-one years after the testator's death), the fact that possibly possession and enjoyment of the principal might be deferred beyond that period would not invalidate the trust. *Connecticut Trust & Safe Deposit Co.* v. *Hollister*, 74 Conn. 228, 232, 50 Atl. 750. There would be no prohibited postponement of the vesting of the estate, only possession being deferred, and the rule does not apply to vested estates but to those in which the vesting has been postponed. *Shoemaker* v. *Newman*, 65 Fed. (2d) 208, 213; *Armstrong* v. *Barber*, 239 Ill. 389, 88 N. E. 246. American Law Institute Restatement, Trusts, Vol. 1, § 119c, states that the mere fact that a trust for an unincorporated association may continue for a longer time than the period prescribed by the rule does not invalidate it "provided that the trustee or the members at any one time or some other person or persons may terminate the trust within the period."

However, the plaintiffs claim that a trust so created that the trustee might, in its discretion, withhold from the beneficiaries payment to and enjoyment of the income, as well as delivery of the corpus of the fund, for a period exceeding that prescribed by the rule must be held to offend it, and their principal contention is that such a situation is presented here; they assert that the will should be so construed that "the Lodge has not the present right either to the income or the principal" but both payment of income and delivery of principal are "subject to the sole discretion of the trustee giving to it either express or implied power to accumulate the income and withhold the principal and income from

the Lodge for an unlimited time and in perpetuity." We are not able to agree that such a meaning must or properly should be attributed. The interpretation indicated by the language employed is that the income is to be paid over to the beneficiary as it accrues and it is only as to the time when and amounts in which the corpus of the fund is to be delivered that discretion of the trustee is to be exercised. A clear inference that this is the practical (and in our view correct) construction adopted by the trustee is afforded by the finding which indicates that until the bringing of this action the income from the fund was paid to the Lodge and used by it to pay its general expenses. There was no limitation over to any other person or corporation and the will clearly contemplated that the fund itself should eventually pass to the Lodge. There is no indication of an intent or desire to accumulate income, so there is no occasion to inquire whether, had there been, accumulation might be terminated. *Wilson* v. *D'Atro,* 109 Conn. 563, 568, 145 Atl. 161.

We concur in the conclusions of the trial court that the intention expressed by the testator was that the beneficial interest in the fund should vest in the Lodge upon his death, that it did so vest, and it was only the delivery of possession of the corpus of the fund which was made subject to the discretion of the trustee. Therefore this bequest does not violate the rule against perpetuities.

Our conclusion that the bequest is valid renders unnecessary a determination as to whether, as the plaintiffs assert, the trial court was in error in its further conclusion that they, by each giving a receipt in full, are barred from any cause of action for additional amounts, as part of their distributive shares, which might have been distributable to them as heirs if this

bequest had been found invalid and the fund became intestate estate.

There is no error.

In this opinion the other judges concurred.