## McCLARY v. McCLARY et al.
### No. 2611.

Circuit Court of Appeals, Tenth Circuit.

March 15, 1943.

Robert M. Helton, of Frederick, Okl., and Arthur A. Kelly, of Grandfield, Okl., for appellants.

W. G. Roe, of Frederick, Okl., R. E. Cunningham, of El Paso, Tex., and Harrison Roe, of Frederick, Okl., for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Wm. McClary died testate January 8, 1942. The provision of his will in controversy here reads as follows: "I give, devise and bequeath all my estate, real, personal or mixed property, and of every kind, description, and nature, and wheresoever situated, of which I may die seized or entitled, to my brother-in-law, W. M. Holloway, of El Paso, Texas, in trust, for the use and benefit of my brother, M. A. McClary, of Chattanooga, Oklahoma, my said brother-in-law, W. M. Holloway, of El Paso, Texas, and each of my nieces and nephews who are then living, at the time of my death, equally, share and share alike, in fee simple, absolutely, and forever. As such Trustee, I give, W. M. Holloway sole, complete, and absolute power to collect, hold, manage, control, sell, and dispose of, and to invest the proceeds of my said estate, it being my intention to allow the said Trustee ample time to collect the said estate and to realize the full value of the same so that no part of it shall be sacrificed; that said trust is to continue for the use and benefit of the said devisees until a numerical majority of them shall, in writing, signify their consent that the estate shall be divided among them in the equal shares as above directed, and my said Trustee shall have full power to partition and distribute any of the property or the proceeds or the income from any of the property that shall be in his hands as Trustee at the time of the said termination."

Appellant, M. A. McClary, a brother of the deceased, instituted this action as an heir, seeking recovery of one-fourth of the estate. In this action he seeks to annul and have the will set aside on the ground that the above provision violates the rule against perpetuities and is therefore void. Diversity of citizenship and

456

the requisite jurisdictional amount are present.

The court concluded that the provision "that said trust is to continue for the use and benefit of said devisees until a numerical majority of them shall in writing signify their consent that the estate shall be divided among them * * *" offended against the rule and was therefore void. In its judgment the court modified the will by eliminating this provision therefrom, and, as so modified, upheld the will, and in substance directed the trustee to distribute the property within a reasonable time.

 The rule against perpetuities is directed to the vesting of the interest and not to its possession or enjoyment. It prohibits postponement of the vesting of a future interest or estate in property beyond the period prescribed and not the possession or the enjoyment thereof. A vested interest is not subject to the rule, no matter how long its possession or enjoyment is deferred. In re Johnston's Estate, 185 Pa. 179, 39 A. 879, 881, 64 Am.St.Rep. 621, involved a trust in which the trustee was directed to hold and manage the estate for seventy-five years, and during that time pay the income equally to his children or to the children of a deceased child. It was contended that this period of time violated the rule. The court states the rule against perpetuities as follows: "The rule has no concern with anything but the beginning of the estate; that it requires a vesting within the period, and, where this occurs, the extent or continuance of it is something wholly outside of its operation. * * * An interest is not obnoxious to the rule if it begin within a life in being and twenty-one years thereafter, though it may extend beyond." To the same effect, see American Law Institute, Restatements of Trust, § 62, Comment k; Wilbur v. Portland Trust Co., 121 Conn. 535, 186 A. 499; Shoemaker v. Newman, 62 App. D.C. 120, 65 F.2d 208, 89 A.L.R. 1034.

 Under the decisions of Texas, as well as under the general rule, the estate created by this provision of the will was a vested interest. In Caples v. Ward, 107 Tex. 341, 179 S.W. 856, 857, the court said: "A remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate. It is an immediate right of present enjoyment, or a present right of future enjoy-

ment, a fixed interest, with only the right of possession postponed."

In Anderson v. Menefee, 174 S.W. 904, 908, the Texas Court of Civil Appeals defined a vested remainder as follows: "'A remainder is vested if, at every moment during its continuance it is ready to come into possession, whenever and however the preceding estates determine. A remainder is contingent if, and in order for it to come into possession, the fulfillment of some condition precedent, other than the determination of the preceding estates, is necessary.'"

The challenged provision of the will meets every specification of the rule laid down by the Texas Supreme Court. The full beneficial estate vested immediately in the beneficiaries. The property was left to the trustee for the sole use and benefit of the named beneficiaries, share and share alike, in fee simple, absolutely and forever. They are the only ones entitled to the property. No contingency or condition can arise which could take this property from them and give it to another. That the testator considered that the complete beneficial estate vested in the named beneficiaries is evidenced by the fact that he made no provision for the disposal of the property in the event that they did not take the estate.

Appellant relies upon two Texas cases, Anderson v. Menefee, supra, and Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, to sustain his contention that the trust provision violates the rule against perpetuities. The trial court likewise based its conclusion that the challenged provision violated the rule on the Brooker case. The Texas Supreme Court in each of these cases held that the estate was a contingent one, and that title did not ultimately vest within the time required by the rule, and that the provisions of the will were therefore void. A careful analysis of the provisions of the wills in each of these cases, however, reveals that they are quite different from the challenged provision here. In the Anderson will, the testator created a trust with directions that the trustee pay to the wife throughout her life sufficient of the income to provide for her; that at her death one-fourth of the property should descend absolutely to the son, and that the remaining three-fourths should be held in trust for the benefit of three daughters. The will provided that the trustee should pay to them, for a thirty-year peri-

od, necessary portions of the income, and that should one of said daughters die before the expiration of the thirty-year period, the income from her share should go to her descendants, if any, during the remaining portion of the period, but if she had none, then one-third of her share should vest in the son, and the other two-thirds should vest in the executors who should continue to manage the same and dispose of the net income therefrom in accordance with the will, paying to the surviving two daughters or the heirs of their body such portion of the net income thereof as the trustee deemed proper; but if thereafter another one of the daughters should die before the expiration of the period, without issue, one-third of her share of the estate should go to the son and the remaining two-thirds vest in the trustees for the benefit of the remaining daughter or her issue; that if the third daughter should die without issue, before the expiration of the period, then all the property remaining in trust should go to the son. The Brooker will provided that the estate should be held together during the life of the surviving legatees and twenty-one years thereafter, but that if the legatees should wish to hold the estate together for a longer period they would have the right to do so by a majority vote of those over twenty-one years of age; that at the end of the twenty-one years, or any legal extended time thereafter, the trustee should partition the property among the legatees; that in case of the death of any of the named legatees before the property was ultimately partitioned, the portion of the property going to such deceased legatee should go to his or her children, but if no children survived, such legatee's entire share should revert to the estate and become a part thereof. It is obvious that these provisions in the Anderson and Brooker wills deferred the ultimate vesting of the estate beyond the prescribed period of the rule. This clearly distinguishes the provisions of those wills from the provision we have for consideration here.

The will of the testator was valid in all respects and the judgment of the court in upholding it is approved. The court, however, erred in striking from the will the provision as to the duration of the trust and in allowing a reasonable time for the trustee to carry out the purpose of the trust. The question of what constitutes a reasonable time for the administration of the trust is not involved in this case.

The judgment of the court is modified by eliminating these provisions therefrom, and, as so modified, is affirmed.