FIRST PORTLAND NATIONAL BANK, EX'R., APPLT.
and
CATHERINE MORRILL DAY NURSERY. APPLT.
IN RE WILL OF ELINOR S. MOODY
(TWO CASES)

Cumberland.   Opinion, August 25, 1959

*Josiah H. Drummond.*
*Hutchinson, Pierce, Atwood & Allen,* for plaintiff

*Robert W. Donovan,* for City of Portland
*Jacob Agger,* for Edward Blossom

*Edward A. Newman,* for Fred & George Pillsbury

*Arthur A. Peabody* for Josephine Dyer & Marion Grace Hammond

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, DUBORD, SIDDALL, JJ. SULLIVAN, J., did not sit.

WILLIAMSON, C. J.   An instrument purporting to be the last will and testament of Elinor S. Moody who died in February 1956 was disallowed and denied probate as her will by the Judge of Probate, it appearing that "the three witnesses to said will are beneficially interested therein and therefore are incompetent as subscribing witnesses."

The case is before us on exceptions to the decree of the Supreme Court of Probate affirming the decree of the Judge of Probate.

The will reads in part:

> "I also request my Executor to pay to each of the signers, as witnesses, of this my last Will, the sum of Five Dollars each, as a token of appreciation."

The statute in effect at the time of attestation in April 1954 and until amended in 1957, reads:

> "A person of sound mind and of the age of 21 years and a married person, widow or widower of any age may dispose of his real and personal estate by will, in writing, signed by him, or by some person for him at his request and in his presence, and subscribed in his presence by 3 credible attesting witnesses, not beneficially interested under said will." R. S., c. 169, § 1.

The statute was enacted in P. L., 1859, c. 120, and remained without material change until P. L., 1957, c. 302. The Legislature then removed the "beneficial interest" test going to the validity of the entire will and in substance

provided that a gift to a witness is void, except that the witness may take no more than he would have been entitled to receive as an heir had the testator died intestate.

In the instant case, however, the harshness of the statutory provision set forth above is not softened by the later action of the Legislature. We are compelled to decide the issue on the statute as it existed in 1954, and not on the statute as amended in 1957. *Richburg, Appellant,* 148 Me. 323, 92 A. (2nd) 724; *Castine Church, Appellant,* 91 Me. 416, 40 A. 325; 94 C.J.S., *Wills* § 185; 57 Am. Jur. *Wills* § 308 *et seq.*

The proponents urge in brief: (1) that the "request" to the executor is precatory and not mandatory, or (2) that if mandatory, the $5 gift is too trivial to be considered a gain of appreciable pecuniary value sufficient to destroy the competency of the witnesses.

For convenience we turn first to the second objection. The law on the point is settled. "It is the fact of the benefit, direct or contingent, and not the measure of its value, which controls." *Richburg, Appellant, supra,* in which an executor who witnessed the will and whom the testator directed "to dispose of my clothing and other personal articles and effects as he (the executor) in his sole discretion may deem best" was held beneficially interested, and the will invalid. If the will before us had read, "I give $100 to each of the witnesses," no one would contend that the will was valid. We cannot draw a line of value between the clothing of *Richburg* and the $5 of the instant case, or the $100 of the supposed case. If the "request" was mandatory, the will fails. The case must be decided on the first issue. *Cox, Appellant,* 126 Me. 256, 137 A. 771, 53 A.L.R. 208; *Look, Appellant,* 129 Me. 359, 152 A. 84; 68 C. J., *Wills* § 323.

On the decisive issue of whether the testatrix commanded the executor to make the gifts (mandatory), or left with

the executor the choice and determination of whether the gifts should be made (precatory), we must seek the intention of the testatrix by the usual rules of construction. Whether this will is valid is determined by the character of the "request". If the "request" is a command, then the statutory rule operates to destroy the competency of the witnesses and hence the validity of the will.

The contestants are in error in urging that we do not seek the intention of the testator in determining the validity of a will. Under the circumstances of this case, in our opinion it is essential that we do so. The statute may prevent the giving effect to the intention, but that does not deny the need of finding the intention.

The testatrix intended to make a valid will and to make certain gifts to charities and other beneficiaries. The $5 gift to each witness was of minor importance in the planning of her estate. She would have preferred to have the $5 gift to each witness fail than to have her entire will declared invalid. It would be absurd to believe that the testatrix had intended otherwise.

The test, however, is whether her intention was to give a "beneficial interest" to each witness. If so, her intention to make a valid will is made of no avail by the statute defining the competency of witnesses. The statute prevents the carrying out of intention. The situation with respect to the Rule against Perpetuities is analogous. See *Singhi* v. *Dean*, 119 Me. 287, 110 A. 865. In the case of a will with two witnesses, we have an intention to make a will that cannot be carried out against the plain provision of the statute. Here the intention is found in construction of the instrument and not by simple inspection, but the principle is the same. The formalities in executing a will must be complied with or there is no will entitled to probate.

We have noted that the testatrix directed her executor (1) to care for her animals, to advertise for a home for

them, and to pay a sum to the persons providing such a home; (2) to arrange for perpetual cemetery care of two lots with markers; (3) to sell real estate and personal property and distribute cash to named charities; (4) to pay Miss X $100 if she "shall be the person to locate my animals" in homes. She requested that no bond be required of her executor.

We cannot escape the conclusion, however, that the testatrix intended each witness should receive $5, and that by her will she was instructing the executor to make payment. Where words of request or desire are addressed to an executor, they are more often regarded as mandatory. 95 C.J.S., *Wills* § 602; 69 C. J., *Wills* § 1132; 1 Page on Wills §§ 91, 319 (Third Lifetime Ed.). The case does not fall within the principle stated in *Towle* v. *Doe,* 97 Me. 427, 433, 54 A. 1072, in these words:

> "If two constructions may be put upon a provision in a will, one of which will violate an inflexible rule of law and the other not, the construction which will not offend the rule is to be adopted by the court."

See also *In Re Lawrence's Estate* (Cal.) 108 P. (2nd) 893; *In Re Hurlburt's Estate,* 64 N.Y.S. (2nd) 575 (Surr. Ct.). The executor cannot keep the gifts. It is a fiduciary which cannot gain for itself at the expense of the estate. In our view there is nothing here to take the case out of the general rule. The purpose of the testatrix is that each witness receive $5 and without such payment the purpose cannot be carried out. Schouler, Wills § 866. Cf *Jordan* v. *Jordan,* Me. 150 A. (2nd) 763.

We can find no satisfactory reason why the testatrix should have left this relatively unimportant matter to the judgment and discretion of the executor. On the proponents' theory, the executor had the obligation of determining whether the gift should be made. What test should it

apply? Had not the testatrix already, in making her will, decided that the witnesses whom she should secure to witness her will were entitled to a stated token in appreciation?

We are satisfied that the testatrix charged the executor with the payment of the $5 to each witness, that such was her intent, and that the request was neither more nor less than a soft spoken but well understood command.

Our responsibility is set forth plainly by the court in *Fitzsimmons* v. *Harmon*, 108 Me. 456, 458, 81 A. 667:

> "The statute (quoted above) thus clearly prescribes the method of transmitting property by will, which the court is not at liberty to ignore, although in particular instances the actual intention and desire of a person respecting the disposition of his property may be defeated by adhering to the rule prescribed."

The case is another in the long list of examples of harsh results flowing from what Schouler called the "heedlessness of a testator".

The witnesses were beneficially interested and therefore incompetent. The decision denying probate was correct.

The entry will be

> *Exceptions overruled.*
> *Counsel for proponents and*
> *contestants are entitled to*
> *counsel fees and expenses*
> *from the estate to be approved*
> *by the Judge of Probate.*