Minnie R. Look, Appellant

From Decree of Judge of Probate.

Lincoln.    Opinion November 3, 1930.

*Weston M. Hilton*, for Proponents.
*Locke, Perkins & Williamson*, for Appellant.

SITTING: PATTANGALL, C. J. DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J. Isabella R. Nickerson, a resident of Boothby Harbor, in Lincoln county, died there November 25, 1929, aged 88 years. An instrument, bearing date August 24, 1929, was probated by the Probate Court for that county as and for her last will.

In the Supreme Court of Probate the issues were lack of mental capacity, undue influence, and insufficient attestation because one of the three subscribing witnesses was not disinterested. This witness was, by judicial appointment, guardian of Harry Carlisle Smith, an orphan to whom the will devises real estate.

The Court submitted to the jury, whether Mrs. Nickerson, when she made the instrument purporting to be her will, was of sound mind; also, whether she had been unduly influenced to make that instrument. "Yes," was the answer of the jury in reference to testamentary ability; "No," with regard to undue influence.

The decree appealed from was affirmed, the will re-probated, and the cause remitted to the Probate Court.

The appellant saved an exception.

Exceptions noted in the course of the trial will have consideration first.

A witness for the appellant, who, six months before the death of Mrs. Nickerson, had nursed her for five days, was asked on direct examination: "Did she have any trouble with any portions of her body about being able to handle herself?"

The witness replied: "She acted very much as though she had had one or two shocks; she was suffering from paralysis." .

On objection that the answer was irresponsive, it was struck from the case. An exception was taken. The witness was directed by the Court to answer the question responsively. The witness then said: "She was unable to walk without one or two canes at most times; she had no control of her mouth when eating."

There is no merit in this exception.

A person whom the will names as a beneficiary was called by the appellant as a witness. The witness identified a letter written by her under date of April 21, 1929. The attorney purposed to read the letter aloud, in the presence and hearing of the jury, "as a basis

for examination and explanation" of the witness. Objection was sustained.

The Court said that the letter could be used to refresh the recollection of the witness. On reading the letter to herself, the witness was asked: "Having refreshed your recollection, will you kindly tell the Court and Jury, Mrs. Carlisle, what Mrs. Nickerson's condition was at the time you wrote this letter?"

The witness answered: "Well, a written statement is very different from one spoken, and it was just this. I said her condition was pitiful. So it was for one who had been really a brilliant business woman, and of course she was too old to do anything of that sort, and was failing physically all the time. That is what I meant by that paragraph."

The appellant takes nothing by this exception.

The attorney for the appellant, it was in evidence, one day before the making of the will, declined, through a messenger, to make Mrs. Nickerson's will. He inquired of Harry Carlisle Smith, the messenger: "What did I say to you?"

The question was objected. Objection was rightly sustained.

Cyrus R. Tupper, Esquire, who subscribed the will as an attesting witness, was the aforementioned guardian. The devise to the ward, the appellant contends, invested the guardian with such interest under the will as to disqualify him from witnessing the instrument.

"Three credible attesting witnesses, not beneficially interested under the will," must subscribe it. R. S., Chap. 79, Sec. 1. "Credible" is used in the sense of "competent." *Warren* v. *Baxter*, 48 Me., 193.

Obviously, the statute intends to exclude those whom the will benefits from attesting as subscribing witnesses.

Direct, certain, vested and pecuniary interest, at the time of attestation, is a "beneficial interest." *Warren* v. *Baxter*, supra; *Re Marston*, 79 Me., 25. An indirect, uncertain and contingent interest, of present appreciable pecuniary value, may be a "beneficial interest." *Trinitarian Congregational Church, Appellant*, 91 Me., 416. *Coy, Appellant*, 126 Me., 256.

But not every interest disqualifies.

A person whom a will nominated as executor was held a competent witness. *Jones* v. *Larrabee*, 47 Me., 479. Witnesses, constituted by the will trustees for their children, had no beneficial interest in the will. *Key* v. *Weathersbee* (S. C.), 21 S. E., 324. See, too, on the point that trusteeship is not disqualifying, *Montgomery* v. *Perkins* (Ky.), 74 Am. Dec., 419.

The relationship between guardian and ward, even when quasi-parental, is that of trustee and cestui que trust. But the trust does not give the guardian legal title to the estate of his ward; title remains in the ward. The right of guardians in the property intrusted to them is not coupled with an interest. 28 C. J., 1128; *Hutchins* v. *Dresser*, 26 Me., 76; *Sanford* v. *Phillips*, 68 Me., 431; *Dorr* v. *Davis*, 76 Me., 301; *Pennington* v. *Gartley*, 109 Me., 270.

No appreciable pecuniary gain resulted to Mr. Tupper under the will; his interest was not a beneficial interest.

The verdict below was advisory only; it was for the Court to decide the case. The Court entered a decree following the verdict. The motion to set the verdict aside was not appropriate procedure.

Exception raises the vital question whether there is sufficient evidence in the cause to sustain the decree.

It was for the proponent to establish testamentary capacity on the part of Mrs. Nickerson, and formal execution of the instrument propounded as her will. *Robinson* v. *Adams*, 62 Me., 369.

The burden of establishing the allegation of undue influence was on the appellant. *Barnes* v. *Barnes*, 66 Me., 286, 297.

A subscribing witness to a will may testify his opinion of the sanity of the testator. *Cilley* v. *Cilley*, 34 Me., 162. *Robinson* v. *Adams*, supra.

The proponent called two of the subscribing witnesses, and introduced the deposition of the third, then resident in Massachusetts.

The witnesses and the deponent, all of whom had known Mrs. Nickerson for years, testified that when Mrs. Nickerson signed the writing in question, she, in their opinion, was of sound mind.

The appellant called four witnesses.

The former nurse, besides testifying concerning the use of canes, testified that Mrs. Nickerson spoke with difficulty; "while at times she seemed bright enough, at other times her mind would wander."

Another witness testified that, a year before the death of the deceased, he had been unable to negotiate with her for the sale of certain real estate, but left her home hoping to induce her, on some future occasion, to sell the property.

Harry Carlisle Smith, the ward, when he testified, was twenty years of age. Mrs. Nickerson, with whom he lived for three summers next preceding her death, was his relative, but the degree of relationship between them does not appear. This witness said that Mrs. Nickerson was old and feeble.

The fourth witness to testify, she, too, of direct interest under the will, said that Mrs. Nickerson "was extremely bright for a woman of her age."

The testimony of these witnesses did not counterbalance the prima facie showing of testamentary capacity.

From written memoranda, brought to him by Harry Carlisle Smith, Mr. Tupper drafted the will.

Mr. Tupper testified that Mrs. Nickerson, in her own home, on the next day, in the absence of Smith, confirmed the memoranda.

Mrs. Nickerson, said this witness, was undecided concerning bequests other than those in the memoranda. A week later, perhaps longer, she advised definitely as to her wishes. At the same time, she wrote the name of Mr. Tupper as her choice for executor.

Mrs. Nickerson examined and approved the draft of will submitted to her, and stated her preference for witnesses. Of these, Mr. Tupper was one, and Smith was sent for the other two. When they had come to the house, the will was formally executed.

No reason is perceived for disturbing the decree of the appellate probate court.

All the exceptions are overruled.

The motion, being without office, is overruled.

*Exceptions overruled.*
*Motion overruled.*