AGNES RICHBURG, APPELLANT
FROM DECREE OF JUDGE OF PROBATE
IN ESTATE OF WALLACE E. KELLEY

York.    Opinion, November 22, 1952.

324

*Bernstein & Bernstein,* for Appellant.

*Titcomb & Siddall,* for Appellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MURCHIE, C. J.   The single question requiring decision in this case, raised by the appellant's exceptions challenging the decree entered in the Supreme Court of Probate bringing it forward, as in the Reasons for Appeal which carried it to that court from the court of probate in which it was heard originally, is whether the instrument admitted to probate in each of said courts as the last will and testament of Wallace E. Kelley, deceased, was duly attested by three "credible attesting witnesses, not beneficially interested" thereunder, as required by our statute of wills, R. S., 1944, Chap. 155, Sec. 1.

Such has been the requirement in this State since the enactment of P. L., 1859, Chap. 120, substituting that language for the earlier "disinterested and credible attesting witnesses," R. S., 1857, Chap. 74, Sec. 1, which was originally, Laws of 1820, Chap. XXXVIII, Sec. 2, merely "three credible witnesses."   Under the 1820 law any will not so "attested and subscribed" was "utterly void," but subsequent provisions declared that when one taking a beneficial

interest under a will was one of the attesting witnesses thereto, his legacy, devise, gift or appointment would be void and he would be admitted as a witness to its execution. Laws of 1820, Chap. XXXVIII, Sec. 8. This provision, and others dealing more completely with the situation it contemplated, last appeared in R. S., 1841, Chap. 92, Secs. 5, 6, 7 and 8. We are unable to find any legislation repealing them, but they were omitted from the revised statutes of 1857, with the "utterly void" recital of the original law, carried in R. S., 1841, Chap. 92, Sec. 2. It was in the 1857 revision that the word "disinterested" was first written into the statute, again without the sanction of special legislative enactment.

Whatever may be the sanction, or lack of sanction, for the changes made in the revision of 1857, they must be considered as having legislative approval in the enactment of the 1859 law heretofore cited, which imposed the requirement, ever since effective, that any will, to be valid, must be subscribed in the presence of the testator by "three credible attesting witnesses, not beneficially interested" thereunder. The test, at all times, since 1841, by express statutory language, R. S., 1841, Chap. 92, Sec. 2, has been competency at the time of attestation.

The test must be applied by reference to the will itself. The claim of the appellant is that one of the three subscribing witnesses thereto, named Executor by Paragraph TWENTY-SECOND of the will, is beneficially interested thereunder, by the recital of its SECOND Paragraph, which reads:

"I direct my executor to dispose of my clothing and other personal articles and effects as he in his sole discretion may deem best."

It is argued on behalf of the executor that said Paragraph SECOND discloses no intention on the part of the testator to authorize his executor "to dispose of assets of

the Estate having monetary value," and that if "any item of monetary value" should fall into his hands thereunder, he would be required to have it appraised as an asset of the estate, R. S., 1944, Chap. 141, Sec. 57, and "account" for it, pursuant to R. S., 1944, Chap. 141, Sec. 70. Both claims are, of course, entirely sound, but the requirements of both would be satisfied if the property was appraised and an account was filed disclosing that the executor had delivered the property to himself as an individual. Paragraph TWENTY-FOURTH of the will, reading:

> "I hereby give to my Executor full power without order of any Court to sell, mortgage, invest or reinvest, exchange, manage, control and in any way deal with any and all property of my estate during its administration",

makes it entirely plain that whatever, if anything, was to pass under Paragraph SECOND, and it would be a most unusual and unique situation if any person died without possessing some "clothing and other personal articles and effects," was left to the executor for disposal, and would not be a part of the residue of the estate.

Counsel for the executor argues, also, that what he calls the "assumption, with no evidence to support" it, that something of value might pass to the executor under the pertinent paragraph and "be appropriated by him to his financial gain," is far remote from such a "direct, certain, vested and pecuniary interest" as will disqualify a witness, under the decisions of this court. This represents, in fact, an "assumption" that one making his will in a hospital twenty-six days prior to his death, having no wife or issue, as this intended testator did not, and declaring expressly that he made no provision for his heirs-at-law because he felt "that they are capable of caring for themselves," possesses nothing of "monetary value" within the coverage of the words "clothing and other personal articles and effects." The

truth must be, of course, that he possessed something within that coverage which he desired to leave for the disposal of his executor, in whom he had great confidence.

Counsel for the executor cites us to *Warren* v. *Baxter*, 48 Me. 193; *Marston et al., Petitioners*, 79 Me. 25, 8 A. 87; *Coy, Appellant*, 126 Me. 256, 137 A. 771, 53 A. L. R. 208; *Look, Appellant*, 129 Me. 359, 152 A. 84; and *In re Potter's Will*, 89 Vt. 361, 95 A. 646. These cases demonstrate how far courts have gone, particularly this one, in holding the rule of disqualification by beneficial interest down to one that is personal. They do not hold it down to one that is substantial. They do not require that it be direct. They establish that one is not disqualified as a witness to a will by a bequest in favor of his church, his town, a social club in which he holds membership, or an individual who is his ward. A contingent beneficiary may not be a witness. *Trinitarian Congregational Church and Society of Castine, Appellant*, 91 Me. 416, 40 A. 325. Neither may the wife (or husband) of a beneficiary. *Clarke et al., Appellants*, 114 Me. 105, 95 A. 517, Ann. Cas. 1917 A, 837. It is the fact of the benefit, direct or contingent, and not the measure of its value, which controls.

The appellant argues that assuming the executor would not take whatever property might pass under the SECOND Paragraph of the will to his own use, and for his own benefit, it cannot be doubted that the language thereof gives him a power of appointment over it. This court said very recently, *Estate of Annie E. Meier*, 144 Me. 358, 362, 69 A. (2nd) 664, 666, "that the power of disposition of property 'is the equivalent of ownership' ", and it cannot be doubted that under the terms of the SECOND Paragraph, the executor was given "power of disposition" over such articles as might fit the description of property therein. The title thereto would vest in him, under the will, and remain with him until he passed it elsewhere.

As it is written in the Restatement of the Law of Trusts, Vol. 1, Chap. 5, Sec. 125:

> "If property is transferred to a person to be disposed of by him in any manner or to any person he may select, no trust is created and the transferee takes the property for his own benefit."

In "comment" thereon, the Restatement declares (a) that:

> "Whether the transferror has manifested an intention to give property to a person in trust or to give it to him for his own benefit is a question of interpretation of the transferror's language in the light of all the circumstances."

This might be helpful to the claim of the executor if the testator had not, in disinheriting his heirs-at-law and devoting substantially all his property to charitable uses, very carefully excepted his "clothing and other personal articles and effects" from the trust he sought to create for charitable uses. The Restatement illustrates what will disclose the intention of one executing a will, and giving a power of appointment to some person, not to pass the beneficial interest in the property involved to him, by suggesting such language as:

> "for such charitable or other purposes as he shall think fit."

No equivalent language was used in this case. It cannot be said that this intended testator contemplated that the executor who was to take property under Paragraph SECOND should devote the same to any charitable purpose. If that had been his intention, he could have let the property fall into the residue, and pass to the charities he designated as his principal beneficiaries. Conceivably, he may have used the words "dispose of" in the sense of "destroy," assuming the property in question had no monetary value, but this court cannot rewrite the document for him, and his words have the very definite, well-established meaning in

testamentary use which the appellant ascribes to them. It is immaterial whether they might be construed to vest title to the property to which they relate in one of the three persons who subscribed the document as attesting witnesses, for his beneficial use, or merely to confer upon him a power of appointment over the same. The will cannot be allowed because he was not such a witness as the statute contemplates on either construction.

*Exceptions sustained.*