ARNOLD P. ALLEN, IN EQUITY
*vs.*
MELROSE KENT

Hancock.   Opinion, November 26, 1957.

*Ralph C. Masterman,* for plaintiff.

*Silsby & Silsby,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

WILLIAMSON, C. J.   This is a bill in equity for an accounting of a joint adventure in commercial fishing.  The defendant appeals from a decree ordering payment by the defendant to the plaintiff of the value of the "twine" remaining in defendant's possession at the close of the joint adventure in 1951, or $3,172.94.

The case was heard by a justice who died before a decision was rendered. The parties thereupon by agreement submitted the case to the sitting justice who rendered the present decree upon the transcript of the testimony and the exhibits in the record taken before the deceased justice. The sitting justice thus heard the case without any oral evidence and so had no opportunity to see or hear a witness on the stand.

The situation is analogous to that in *Pappas* v. *Stacey & Winslow*, 151 Me. 36, 116 A. (2nd) 497 (agreed statement), and in *Mellen, Jr. et al., Tr.* v. *Mellen, Jr. et al.*, 148 Me. 153, 90 A. (2nd) 818 (construction of a will). In *Pappas*, the court said at p. 38:

> "We are free to find the facts in this appeal without reference to the findings of the single justice. The firmly established principle 'that his decision, as to matters of fact, should not be reversed, unless it clearly appears that such decision is erroneous' found in *Young* v. *Witham*, 75 Me. 536 (1884), is not here applicable. 'The claim has no merit in a case which involves no oral testimony.' *Mellen, Jr., et al., Tr.* v. *Mellen, Jr., et al.*, 148 Me. 153, 90 A. (2nd) 818 (1952)."

We find the facts briefly stated as follows: In 1948 the parties entered into a joint adventure for fishing. The plaintiff agreed to supply seines or "twine" and other materials not in issue. The defendant on his part agreed to furnish the fishing vessel and crew and to engage in the business of fishing. The plaintiff was to receive one sixth of the gross annual receipts. All expenses, except for the purchase and repair of seines and accessories, were to be paid by the defendant.

The joint adventure was to continue each year until it was dissolved, and it ended in fact at the close of the fishing season of 1951. At that time the defendant had in his possession "twine" admitted by him to be of the value of $3,-

172.94. The defendant accounted to the plaintiff for the proceeds of the fishing through the year 1951.

The defendant claimed that he lost a substantial part of the "twine" in a "terrific hurricane" in December 1951. No corroborative evidence of such a loss was introduced, although so far as the record discloses several witnesses were available to testify thereto. At no time did the defendant inform the plaintiff of the claimed loss of "twine" in 1951 prior to the hearing before the deceased justice in May 1956. It seems unreasonable that a co-adventurer would fail to report such a loss. We are unable to accept the uncorroborated evidence of the defendant as sufficient evidence to prove the loss at sea.

Without question, on termination of the joint adventure each party became entitled to the possession of the property contributed by him. For example, the defendant was entitled to the fishing vessel and the plaintiff to the "twine," or what remained of it. The defendant could claim no right to possession of the plaintiff's "twine" at the end of the adventure, and yet, although accounting for the proceeds of the fishing in 1951, the defendant failed to account for, or even to disclose the possession of, this valuable "twine."

The plaintiff, in our view of the case, satisfactorily established the jurisdiction of equity to entertain and decide the case. The parties were joint adventurers and so bore a fiduciary relationship each to the other. In the equity case of *Simpson* v. *Spinning Co.*, 128 Me. 22, 145 A. 250, we said at p. 31:

> "The persons engaging in a joint adventure stand each to the other and within the scope of the enterprise in a fiduciary relation and each has the right to expect and to demand the utmost good faith in all that relates to the common interests. (Citations omitted)

> "Each member of the group owes to every other member the duty of fair, open, honest disclosure

and no member by connivance, deceit or suppression of facts within the right or to the advantage of any other member to know can secure or accept secret profits, commissions or rebates to the disadvantage of others, and he holds gains acquired by his breach of faith for the common benefit of his associates in proportion to their respective interests."

The bill specifically sought (apart from general relief) an accounting of a "joint venture for the purpose of fishing" for the years 1952, 1953, 1954, an order for payment of "any amounts that shall be due the plaintiff upon an accounting of all matters and doings" between the parties, and a decree dissolving the joint adventure.

The joint adventure ended, as we have seen, in 1951, and thus there was no reason for the court to order an accounting for the later years. Jurisdiction in equity remained, however, to compel a full and complete accounting for the year 1951, including the questions relating to the "twine" under the prayer "upon an accounting of all matters and doings."

Fairly read, the allegations meet the proof, and the proof, the allegations. The case is within the familiar rule found in *Usen* v. *Usen,* 136 Me. 480, 487, 13 A. (2nd) 738; *Automobile Co.* v. *Hall & L. S. Bean Co.,* 135 Me. 382, 197 A. 558; *Terminal Co. & Railroad Co.* v. *Railroad,* 127 Me. 428, 144 A. 390.

The defendant urges that the plaintiff has a complete and adequate remedy at law. See *Wolf et al.* v. *Jordan Co.,* 146 Me. 374, 82 A. (2nd) 93. It is sufficient to remind ourselves of the fiduciary relationship of the parties and of the necessity here of an accounting by the defendant. The remedy sought and obtained by the plaintiff is incidental to the accounting, which is a proper basis for jurisdiction in equity. See Whitehouse Equity Jurisdiction (1900 ed.) Sections 558, 559, 560.

There was no error in the decree.

The entry will be

*Appeal dismissed.*
*Decree affirmed with costs of*
*appeal to be added to bill of*
*costs below.*