GLADYS JEFFRY AND WALTER JEFFRY
*vs.*
ALLSTATE INSURANCE COMPANY

Androscoggin.   Opinion, March 9, 1965.

*John G. Marshall*, for Plaintiff.

*Woodman, Thompson, Chapman and Hewes*,
    by *Richard D. Hewes*, for Defendant.

SITTING: WILLIAMSON, C. J., TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ. WEBBER, J., did not sit. SIDDALL, J., sat at argument but retired before the opinion was adopted.

MARDEN, J.   On appeal from judgment upon an agreed statement of fact entered for the defendant by a single justice.

The case involves the construction and interpretation of an automobile liability insurance policy issued by the defendant in Halifax, Nova Scotia, in consideration of pre-

miums paid in Nova Scotia, upon a motor vehicle owned in Nova Scotia.

The stipulated facts in brief are as follows:

One Ronald W. Woodworth, whose home was in Halifax, Nova Scotia, was a member of the Royal Canadian Air Force and service-stationed in the vicinity of Trenton, Ontario. In arranging transportation to return from his home in Halifax, Nova Scotia to Trenton, Ontario, he borrowed, with his mother's consent, her car, she, Frances T. Woodworth, being the named assured in the reference policy. Sometime prior to the date Woodworth was to leave Halifax, an advertisement appeared in a Halifax newspaper reading as follows: "Car leaving for Trenton on Saturday morning. Can accommodate three passengers. Call 3-3718." Gladys Jeffry, one of the plaintiffs, answered this notice and arranged with Woodworth that she and her two children would ride as passengers in the car driven by Woodworth from Halifax to Toronto for a sum of $30.00, which sum was paid by Mrs. Jeffry to Woodworth.

Another passenger, one Earl G. Zuick, also became a passenger and paid Woodworth $15.00 for the trip. Woodworth paid all of the expenses for the operation of the motor vehicle.

The trip from Halifax to Trenton was the only trip proposed with this vehicle. The car was not regularly operated as a taxi cab or in jitney service.

Following an overnight stop at a motel in the vicinity of Norridgewock, Maine, for which accommodation each party paid his own expense, an accident occurred in which Gladys Jeffry was injured.

In a complaint based upon this accident and resultant injury, returnable to and tried in the Maine court system, Gladys Jeffry and her husband, Walter, recovered judg-

ment against Woodworth. In the present proceeding plaintiffs seek against this defendant, satisfaction of their judgments.

An Automobile Insurance Act in Nova Scotia (Chapter 18, R.S.N.S. (1954) Schedule A), established certain standard terms for automobile liability insurance policies, which statutory conditions were printed in the reference policy and among which was the following:

> "3. Unless permission is expressly given by an endorsement of the policy and in consideration of an additional stated premium, the automobile shall not be rented or leased nor shall it be used;
>
> "(a) * * *
>
> "(b) as a taxicab, public omnibus, livery, jitney, or sight-seeing conveyance or for carrying passengers for compensation or hire. * * *."

Defendant resists the efforts of the plaintiffs to reach and apply its funds in satisfaction of their tort judgments, contending that the use of the reference motor vehicle was prohibited within the above quoted statutory condition and that, by such prohibited use, the motor vehicle was excluded from its insurance coverage.

The single justice found for the defendant. We consider the matter *de novo, Allen* v. *Kent,* 153 Me. 275, 276, 135 A. (2nd) 540, measured by Nova Scotia law. By Nova Scotia law what is meant by "carrying passengers for compensation or hire"?

No case has been brought to our attention, nor do we find any, where Nova Scotia has ruled upon the point.

As among the United States, decisions of Provincial Courts of last resort are persuasive and accepted as authority among provinces of Canada. We find that among these provinces, highway or motor vehicle acts commonly govern

the imposition of liability as between a passenger and the driver of a motor vehicle and commonly, by such acts, the passenger is given no remedy for injuries occasioned by the conduct of his driver, unless gross negligence on the part of the driver can be shown, or that the passenger was, broadly stated, a "paying" passenger. Illustrative of these acts is the Ontario Highway Traffic Act of 1937[1] which provides that a passenger was given remedy against his driver in the event the vehicle was being operated "in the business of carrying passengers for compensation." The New Brunswick Motor Vehicle Act of 1934[2] granted remedy to a passenger only where the vehicle was being operated "in the business of carrying passengers for hire or gain." The British Columbia Motor Vehicle Act Amendment Act 1938[3] provided that such passenger had remedy if the vehicle was "transporting a passenger for hire or gain." The Manitoba Highway Traffic Act of 1940[4] permitted a passenger to impose liability upon his driver if he were making "payment for such transportation." The Alberta Vehicles and Highway Traffic Act of 1955[5] provided that "no person transported by the owner or driver of a motor vehicle as his guest without payment for the transportation has any cause of action for damages * * * unless the accident was caused by the gross negligence * * * ."

[1] See Highway Traffic Act, R.S.O. 1937 c. 288 as discussed in *Shaw* v. *McNay, et al.* (1939), 3 D.L.R. (Dominion Law Reports) 656.

[2] Discussed in *Poirier, et al.* v. *Warren* (1942), 1 D.L.R. 739.

[3] Discussed in *Guerard, et al.* v. *Rodgers, et al.* (1942), 2 D.L.R. 646.

[4] Discussed in *McKay, et al.* v. *Minard,* 5 W.W.R. (Western Weekly Reports) (NS) 175. Western Weekly Reports is available through the courtesy of the Harvard Law School Library.

[5] As discussed in *Kryzanowski* v. *Chudyk, et al.,* 40 D.L.R. (2nd). 1062 (1963).

Decisions defining transportation "for compensation," "for hire or gain," "for compensation or hire," under these acts, are, by analogy, helpful.[6]

From such cases it is clear that the Canadian Courts draw a distinction, broadly stated, between instances where a passenger and his driver entered into a "share the expense" arrangement and one where consideration for the transportation was expressed in a stated amount with no significant regard to the expense involved in the operation of the vehicle. This is expressed in *McKay, et al.* v. *Minard*, 5 W.W.R. (Western Weekly Reports) (NS) 175, before the Queen's Bench in Manitoba in 1952, by the presiding justice, as follows, at page 182:

> "I consider 'payment for such transportation' to have a commercial connotation and it does not extend to relations where friendship or friendliness is the basis of the arrangement and the sharing of expenses is incidental, as in the present case."

The Supreme Court of Canada, on an appeal from the Ontario Court of Appeal, in one of the latest cases to come to our attention, and in interpreting the updated Ontario

---

[6] *Ontario*

    *Shaw, supra*, Footnote 1; *Chote* v. *Rowan, et al* (1943), 1 D.L.R. 339; *Lemieux and Lemieux* v. *Bedard* (1952), 4 D.L.R. 421; *Csehi* v. *Dixon* (1953), 2 D.L.R. 202; *Regan* v. *Edgill*, The Ontario Weekly Notes (1956), available through the courtesy of the Harvard Law School Library; *Bohm* v. *Maurer, et al.*, 9 D.L.R. (2nd) 349 (1957); *Feldstein* v. *Alloy Metal Sales, Ltd., et al.*, 32 D.L.R. (2nd) 628 (1962); *Ouelette* v. *Johnson*, 37 D.L.R. (2nd) 107 (1963).

    *New Brunswick*

    *Poirier, supra*, Footnote 2; *Bourgeois* v. *Tzrop*, 9 D.L.R. (2nd) 214 (1957); *Smith* v. *Steeves*, 17 D.L.R. (2nd) 68 (1958).

    *British Columbia*

    *Guerard, supra*, Footnote 3; *Sneddon* v. *Querns*, 15 D.L.R. (2nd) 140 (1958); *Neufeld* v. *Prior*, 38 D.L.R. (2nd) 718 (1963).

    *Manitoba*

    *McKay, supra*, Footnote 4; *Johnson* v. *Reisel*, 40 D.L.R. (2nd) 916 (1963).

    *Alberta*

    *Kryzanowski, supra*, Footnote 5.

Highway Traffic Act (R. S., Ontario 1960), held that an arrangement whereby two passengers and fellow workers of the driver paid him $2.00 for each trip to and from work on weekends was operating his motor vehicle in the business of carrying passengers for compensation and said:

> "In my respectful view, once it has been determined that the arrangement between the parties was of a commercial nature the manner in which the amount of the fee to be paid was decided upon becomes irrelevent." *Ouelette* v. *Johnson,* 37 D.L.R. (Dominion Law Reports) (2nd) 107, 110 (1963).

This decision substantially overrules *Csehi, supra,* in Footnote 6.

In *Bourgeois* v. *Tzrop,* 9 D.L.R. (2nd) 214 (1957) the New Brunswick Supreme Court held, without discussion, where an injured passenger had been traveling to and from work with his driver for a period of not less than two months under a verbal arrangement by which the passenger paid $1.00 for each round trip, that the plaintiff passenger was not a gratuitous passenger and that the driver was in the "business of carrying him for hire or gain." This case was followed in 1958 by *Smith* v. *Steeves,* 17 D.L.R. (2nd) 68.

The rationale in the above cases in the interpretation of the Highway Acts has been accepted in Nova Scotia. The Nova Scotia Motor Vehicle Act of 1932 provides that:

> "No person transported by the owner or operator of a motor vehicle as a guest without payment for such transportation shall have a cause of action for damage * * * unless such accident shall have been caused by gross negligence * * * , but if the guest were a paying passenger he would be entitled to prosecute his claim for injuries by reason of negligence of the driver." (See *Williams, et al.* v. *Brown, et al., post*).

In *Williams and Reid* v. *Brown and Brown* (1955), 4 D.L.R. 454, on appeal to the Nova Scotia Supreme Court from a judgment dismissing plaintiff-passengers' action for damage, the issue was (1) whether plaintiff was a guest "without payment for such transportation" and (2) whether defendant was guilty of gross negligence. The trial court found for the defendant on both issues, which was reversed on appeal. The factual relationship between passenger and driver involved the payment by passenger to driver of a stated sum, comparable to the bus fare for the same travel.

In the present instance, the interpretation of the controlling phrase "carrying passengers for compensation or hire" is required not by virtue of the pertinent highway act, but by reason of the phrase appearing in the liability insurance contract carried on the Woodworth motor vehicle, and we have found no Canadian cases on point other than *Semon* v. *Canada West Insurance Co.* (1951), 4 D.L.R. 522 (Alberta) and *Rose* v. *Merit Insurance Co.,* 13 D.L.R. (2nd) 270 (Newfoundland 1957), both briefed by counsel and cited by the single justice. Both cases involved a statutory policy condition in pertinent parts identical to the case at hand. In *Semon* the transportation was for a consideration equivalent to the taxi charge for the travel. The passengers were strangers to the operator and the transportation challenged by way of the exclusion clause involved a single trip solely for the accommodation of the passengers. In *Rose* the consideration was the payment of money in an amount between the amount required for a bus fare and that required for a taxi fare. The court observed that the carriage of paying passengers tended to increase the risk which the insurer contractually assumed, and against which the policy condition was imposed. Both cases sought indemnity from an automobile insurance company and in both cases the

insurer was relieved of liability, by reason of violation of the policy condition.

In the instant case nothing indicates that the passengers and their driver were either relatives or social friends. It was a "commercial transaction." Their relationship for the trip to Ontario may be best described as characterized by the single justice. "They had no common interest in the proposed journey other than a desire to reach a common destination. The plaintiff passenger paid a contractual fee and not a share of joint expenses. The risk to the company was increased by this carriage for compensation and, if it had been desired that that risk be covered by insurance, the assured should have procured the permission of the defendant by endorsement of the policy and paid any additional premium required therefor."

The case law of Canada which, without question, would be accepted by Nova Scotia as persuasive, supports the conclusion of the single justice. We hold that that is the law of Nova Scotia.

We have had no occasion to consider nor do we intimate what our holding would be upon a similar set of facts involving an automobile liability insurance policy issued in Maine, in consideration of premiums paid in Maine upon a motor vehicle owned in Maine.[7]

*Appeal denied.*

---

[7] See *Myers, et al.* v. *Ocean Accident & Guarantee Corporation,* 99 F. (2nd) 485 (Fourth Cir.), (N.C. 1938); *Pimper* v. *National American Fire Insurance Co.,* 296 N.W. 465 (Neb. 1941); and *Sleeper, et al.* v. *Massachusetts Bonding & Insurance Co.,* 196 N.E. 778 (Mass. 1933).