**In re Anne C. LONGWORTH et al., Appellants, from Decree of Judge of Probate.**

Supreme Judicial Court of Maine.

Sept. 2, 1966.

David A. Nichols, Camden, for appellants.

Samuel W. Collins, Jr., and John L. Knight, Rockland, for Depositors Trust Co.

Clifford F. O'Rourke, Camden, for Camden Community Hospital and Congregation Church.

Alexander R. Gillmor, Camden, for Camden Public Library.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and RUDMAN, JJ.

WILLIAMSON, Chief Justice.

This is an appeal by several heirs of the late Suzanne H. Wyatt (hereinafter called the testatrix) from the allowance of an instrument as her last will and testament in the Supreme Court of Probate.

The appellants urge that the Court erred as a matter of law (1) in failing to find that Depositors Trust Company (hereinafter called Trustee or Bank) was guilty of such undue influence "as will void this will when it failed to urge this testatrix to seek independent legal advice before executing a will by which the residue is left to Depositors Trust Company in trust in perpetuity and from which service as trustee it would benefit," and (2) "in failing to find that the purported bequest of residue to Depositors Trust Company was void because two of the subscribing witnesses were officers of Depositors Trust Company, which would benefit thereunder from its service as trustee in perpetuity."

From the testimony of witnesses and written evidence, the basic facts emerge without dispute.

In the spring of 1962 the testatrix, 92 years of age, sought the advice of officers of the Camden branch of the bank in connection with her securities worth nearly $250,-000. Some five years previously she had received a large bequest from her sister which formed the bulk of her estate. After conferences with trust officers of the bank, she adopted their suggestion of a revocable inter vivos trust with after her decease income to certain heirs and two grand nephews for life and the remainder in perpetual trust for charitable purposes.

A bank officer suggested that Samuel Collins, Esq., a Rockland lawyer, represent the testatrix. He arranged a conference with the lawyer and accompanied the testatrix to the law office. Mr. Collins then met the testatrix for the first time. He conferred with her at his office and at her home, reviewed the plans for the trust and her estate, and drafted the revocable trust and the will executed by her on June 6, 1962.

In the words of the Justice below, Mr. Collins "was the attorney to whom 'a good deal' of the legal work of the bank in the area had been referred." There is nothing in the record to suggest that Mr. Collins acted for the bank other than, as he so testified, to "look up titles to real estate and prepare mortgages for that bank from time to time," and without a retainer. Neither the bank nor Mr. Collins informed the testatrix that he had represented the bank in any way.

In the "Memorandum of Facts, Law and Decision Thereon" of the Justice below we read:

"This court finds as a fact that there was no undue influence exerted upon Mrs. Wyatt, by the Depositors Trust Company, or its officers or by attorney Collins, to any degree, and that the living trust as well as her will were executed by her with full understanding and of her own free will, and that both answered well her desires in the matter of the disposition of her property. She knew at all times the extent of her estate and was fully aware of her closest relatives, the appellants; she left the income of all her property to them and her grandnephews, Frank and Marion Goodwin for the duration of their respective lives. The appellants expected to partake of the principal of Mrs. Wyatt's estate, but, because Mrs. Wyatt adopted the suggestions of the trust officers of the Depositors Trust Company, they are now beneficiaries of her bounty only to the extent of sharing in the income thereof during their lives, and such is their grief, but not a legal one."

\*  \*  \*  \*  \*  \*

"In this case, Mrs. Wyatt was seeking advice from the personnel of the bank where she was doing business which her substantial holdings required. The corporate trustee neither initiated the interviews, nor were the actions of its personnel of the importuning variety. Mrs. Wyatt was given advice that she sought, considered and adopted as her own. The matters were fully explained to her by the trust officers of the bank as well as by Attorney Collins. There is not a scintilla of evidence that she was imposed upon or that she did not understand any part of the trust agreement or the will. She could, at any time, before execution, have desisted from any further pursuance of the purported disposition of her property, but she did persist therein of her own free will, because the suggested recommendations of the trusted fiduciary met

with her own desires and designs as to the disposition of her property. She did consult about these documents with the only relative in whom she placed any trust, with her grandnephew, Frank Goodwin."

In their brief below, says the Justice in the Memorandum, the appellants "disclaim any suggestion of fraud, duress or wrongdoing on the part of the [Bank], or on the part of 'those who guided Mrs. Wyatt (the testatrix) in the execution of these instruments on June 6, 1962 (the trust and will).'"

The appellants' contention on their first point comes to this: that the will is void for undue influence exercised by the Bank in not urging the testatrix to consult independent legal counsel.

■ A corporation seeking business as a corporate fiduciary must of course maintain the strict standards of a trustee. The Bank here thus entered into a confidential relationship with the testatrix in the development and completion of plans for her trust and estate.

■ The testatrix was entitled to legal advise independent of the Bank. For example, the Bank would have violated its duty as a fiduciary if the trust officers had advised the testatrix in matters of law, in the capacity of independent legal counsel. Such a violation of duty would have been apart and distinct from questions arising from the improper practice of the profession of law by a corporation.

■ In our view, Mr. Collins was an attorney available under the circumstances to give independent legal advice to the testatrix. There is no evidence that his relationship with the Bank was such that it could have been said that his advice to his client would be influenced thereby. That the Bank recommended Mr. Collins and arranged the first conference with the testatrix did not affect the attorney-client relationship into which they entered. Mr. Collins

was the attorney of the testatrix, and not an attorney for the Bank.

Cases cited by the appellants do not reach the precise situation before us. See for example Oswald v. Seidler, 136 N.J.Eq. 443, 42 A.2d 216, and Israel v. Sommer, 292 Mass. 113, 197 N.E. 442. In *Oswald* supra, the settlor, even if competent mentally, was advised in establishing a nonrevocable trust not by a lawyer of her choice, but by an attorney chosen upon recommendation of an uncle of the beneficiary. The Court said, 42 A.2d at p. 218:

> "We think the trust deed was not fair, open, voluntary and well understood by complainant, nor did she have the benefit of adequate, independent advice as required by law."

In *Israel,* supra, the Massachusetts Court set aside a settlement made by an attorney in a confidential relationship who gained considerable advantage for himself. The Court pointed out it would have been the plain duty of any attorney to have advised the settlor not to sign. The Court said, 197 N.E. at p. 447:

> "But unless it appears that the presumed influence resulting from the relationship has been neutralized, by completely unselfish advice from the attorney, by independent legal advice from another, or in some other manner, the attorney cannot expect his bargain to stand."

Our Court has in vigorous terms set aside purchases of tort claims and claims left for collection by an attorney. Dunn v. Record, 63 Me. 17; Burnham v. Heselton, 82 Me. 495, 20 A. 80, 9 L.R.A. 90. There is nothing in the case before us to indicate that Mr. Collins gained any personal advantage from the trust or will, or was under any duty to advise the testatrix against the disposition of her property in accordance with her wishes.

▪ The result, as we have indicated, rests on whether or not there was a breach of the rule of undivided loyalty or of the strictest standards of good faith owed by the fiduciary to the beneficiary. Whether the testatrix in making the trust and will had independent legal advice was without question a proper fact in determining whether her action was induced by undue influence. Restatement, Trusts 2d § 333. The fact here is that the testatrix received independent legal advice from Mr. Collins.

▪ In testing the decision in the Supreme Court of Probate, the finding of fact, namely, that there was no undue influence in the execution of the will stands unless "clearly erroneous." Maine Rules Civil Procedure, Rule 52(a). The rule has been stated in these words:

> "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746.

▪ There are other situations in which the issue becomes a question of law. For example, when there is no evidence on which to base the ultimate finding or if only one inference can reasonably be drawn from undisputed testimony. Barton v. Beck Estate, 159 Me. 446, 195 A.2d 63; Bouchard et al. v. Johnson, 157 Me. 41, 170 A.2d 372; Harriman v. Spaulding, 156 Me. 440, 165 A. 2d 47.

The appellants urge that this Court should make its own independent evaluation of undue influence. The argument is in substance that the basic facts are not in dispute and therefore there is no reason for the ultimate finding of undue influence to be made by the original fact finder.

▪ Our rule, however, goes no further than to hold that in the absence of oral testimony the appellate court need give no weight to the findings below. In re Will of

Edwards, 161 Me. 141, 149, 210 A.2d 17; Camire v. Commercial Ins. Co., 160 Me. 112, 122, 198 A.2d 168; Allen v. Kent, 153 Me. 275, 136 A.2d 540; Pappas v. Stacey and Winslow, 151 Me. 36, 39, 116 A.2d 497; Mellen v. Mellen, 148 Me. 153, 90 A.2d 818.

■ The inference drawn by the Justice below from the evidence partly in writing and partly through witnesses on the stand was entirely reasonable. The finding for upholding the will was not "clearly erroneous" under the rule. Indeed, we think no other finding would have been permissible.

■ The burden of proof of establishing undue influence voiding the will was on the contestants. As we said in Barton v. Beck, supra, 159 Me. at p. 449, 195 A.2d at p. 65, quoting from Appeal of Rogers, Appellant, 123 Me. 459, 461, 123 A. 634:

" 'By undue influence in this class of cases is meant influence, in connection with the execution of the will and operating at the time the will is made, amounting to moral coercion, destroying free agency, or importunity which could not be resisted, so that the testator, unable to withstand the influence, or too weak to resist it, was constrained to do that which was not his actual will but against it.' * * * "

See also Appeal of O'Brien, Appellant, 100 Me. 156, 169, 60 A. 880. Even if we assume that a presumption adverse to the will arose from a failure of the Bank to disclose its relationship with Mr. Collins to Mrs. Wyatt, there was ample evidence, if believed, to destroy the presumption. Hinds v. John Hancock Ins. Co., 155 Me. 349, 155 A.2d 721, 85 A.L.R.2d 703. The attack upon the will on the ground of undue influence fails.

The appellants unsuccessfully contend that the Bank was beneficially interested in the gift of the residue to it in trust under the "pour over" provision and that therefore two of the three witnesses to the will being bank officers the gift to the bank is void.

"All beneficial devises, bequests and legacies to a subscribing witness are void except that if such interested witness would be entitled to any share of the estate in case the person making the will had died intestate, he shall take only that part of the devise or bequest made to him in the will that equals but does not exceed in value the share of the estate of the person making the will which he would have taken if such person had died intestate." 18 M.R.S.A. § 1.

■ We are satisfied that a trustee, as here the Bank under the revocable trust, does not take a beneficial interest within the statute as legatee under a will. Thus a trustee, or as here officers of the Bank, (assuming them to be agents of the Bank), may witness a will without affecting the interest of the trustee thereunder.

■ The real interest of the trustee is of course apparent. The corporate fiduciary is in the business of acting as trustee and executor. The fees therefrom are profitable or the business would not thrive. This interest, however, in the opportunity to perform services for compensation is quite different from the interest of the beneficiary in the property held in trust. In our view, there is no difference insofar as the competency to witness, or more accurately the competency to witness without penalty, a will between a named executor and a named trustee. The fact that the trustee acquires a legal interest in property for the benefit of other parties, and that the executor's duty is limited to settling the estate is not of such significance that the validity of the will in its totality should depend thereon.

In re Look, Appellant, 129 Me. 359, 152 A. 84, decided in 1930, the Court in holding an executor was a competent witness by dictum indicated a like rule in the case of a trustee-legatee. For thirty-five years we believe the Bar and Courts of Maine have considered this to be the law. In Appeal of

Richburg, Appellant, 148 Me. 323, 92 A.2d 724, in holding an executor taking a gift of personal property to his own use was an incompetent witness, we indicated clearly that had the gift been in trust for others the witness would have been competent and the will saved. The weight of authority, says Page on Wills, holds that a testamentary trustee is a competent witness to a will in which a devise is made to the trustee for the benefit of others. 2 Bowe-Parker: Page on Wills § 19.94; Smith v. Goodell, 258 Ill. 145, 101 N.E. 255, cited by the appellants is distinguishable in that an executor in Illinois, contrary to our law, is *not* a competent witness and so we would expect a like rule in case of a trustee.

We find no error in the judgment of the Justice sitting in the Supreme Court of Probate.

The entry will be

Appeal denied. Fees and expenses for counsel to be fixed in the Supreme Court of Probate and charged to the estate.

DUFRESNE, J., did not sit.