**In re the ESTATE OF Bessie M. HATT.[1]**

Supreme Judicial Court of Maine.

Argued June 10, 1981.

Decided June 29, 1981.

Alan D. Graves, (Orally), Machias, for appellants.

Michael Leonard, (Orally), Machias, for appellee.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

McKUSICK, Chief Justice.

The Superior Court, sitting as the Supreme Court of Probate,[2] affirmed the admission to probate of the 1972 will of Bessie M. Hatt by the Probate Court of Washington County. Pursuant to M.R.Civ.P. 39(d), the court tried the issues of testamentary capacity and undue influence with an advisory jury. The court accepted the advisory jury's verdict of testamentary capacity, but rejected its finding that Mrs. Hatt's will was the product of undue influence exerted upon her by the principal beneficiary, Louise Plummer.[3] We find no error in the Supreme Court of Probate's finding of no undue influence, and so affirm the admission to probate of Mrs. Hatt's 1972 will.

After entry of judgment the parties stipulated that the advisory jury reached its verdict of undue influence by an 8–0 vote. The contestants, however, claim that the justice was operating under the mistaken belief that the jury had in fact voted only 6–2 in favor of a finding of undue influence and that had he known the jury was unanimous in its verdict he would not have rejected it. The record lends no support to

---

1. We have conformed the title of this case, even though it was commenced in 1979, to Rule 4(a)(1) and Form N(102) of the Maine Probate Rules, which became effective January 1, 1981.

2. *See* 4 M.R.S.A. §§ 401–06 (1979) (repealed by P.L.1979, ch. 540, § 7–B, effective January 1, 1981).

3. Mrs. Hatt's 1972 will bequeathed $200 to a sister and the residue of her estate of less than $15,000 to Mrs. Plummer "in recognition of her kindness to me." Mrs. Plummer operated the Machias boardinghouse where the testatrix lived for over ten years prior to her final hospitalization in 1977 at the age of about 88.

this speculative contention. The justice stated both in his oral findings from the bench and in his written opinion that his finding of no undue influence was made "independently of the advisory jury." The advisory jury's verdict may be wholly disregarded if it is not satisfactory to the conscience of the court. *See Farnsworth v. Whiting*, 106 Me. 430, 76 A. 909 (1910). Clearly, the Superior Court justice recognized his own responsibility for deciding the disputed question of fact, and there is no reason not to take him at his word.

 "When the court makes its own findings, appellate review is from the court's judgment as though no jury had been present." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 39.3 at 560–61 (2d ed. 1970). Findings of fact by a justice sitting in the Supreme Court of Probate are conclusive unless shown to be clearly erroneous. *See In re Will of Fenwick*, Me., 348 A.2d 12, 16 (1975); *see also* M.R.Civ.P. 52(a). Most of the evidence tending to prove undue influence related to events occurring some five years after the execution of the will, and the court below found such evidence too remote to sustain a finding of undue influence. In view of the extensive evidence of the circumstances under which Mrs. Hatt made her 1972 will and in view of her reiteration of her testamentary desires to her experienced attorney some two years later, the justice had sound reason to downplay any significance of evidence of events and conditions shortly before Mrs. Hatt's death in 1977. On the issue of undue influence the contestants had the burden of proof. *In re Longworth*, Me., 222 A.2d 561, 565 (1966). On this record we are well satisfied that the court below was right in rejecting the jury's special verdict, because the contestants had not succeeded in carrying their burden of proving undue influence. Furthermore, we cannot say that the court's outright finding of an absence of undue influence at the time Mrs. Hatt made her 1972 will is clearly erroneous.

The entry will be:

Judgment of the Supreme Court of Probate modified to read as follows:

Decree of the Probate Court approving and allowing the will dated January 5, 1972, as the Last Will and Testament of Bessie M. Hatt be and hereby is affirmed.

As so modified, judgment of the Supreme Court of Probate affirmed.

All concurring.